## HELVENSTEIN *vs.* HIGGASON.

[ACTION ON PROMISSORY NOTE GIVEN FOR PURCHASE-MONEY OF LAND.]

1. *Specification of grounds of demurrer.*—A demurrer to a complaint, not stating any specific grounds of objection, (Code, § 2253,) should be overruled.

2. *When purchaser may defeat recovery on note given for purchase-money of land.*—No principle is better settled in this court, than that a purchaser of land, who goes into possession under a deed or bond for titles from his vendor, cannot resist a recovery on the note given for the purchase-money, so long as his possession remains undisturbed, on account of his vendor's want of title, or failure to complete the conveyance; and if this principle is not applicable, where the note contains a stipulation that it is to be void, if the vendor 'fails to make permanent titles' to the purchaser after the latter has discharged a certain deed of trust; yet it is incumbent on the purchaser, when seeking to avail himself of the discharge of the deed of trust, and the vendor's failure thereupon to make title as stipulated, as a defense to an action on the note for the purchase-money, to prove notice to the vendor of the discharge of the deed of trust.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by John D. Higgason, against John C. Helvenstein, and was founded on a written instrument, signed by the defendant, which was in the following words: " Between this and the first day of March next, I promise to pay John D. Higgason the sum of $1,600, for value received; the *condition* of which is three forty-acre blocks of land, known as the N. E. fourth of S. E. fourth of section three, and the N. E. fourth of the N. W. fourth of section two, both in township eleven, range fourteen, and the S. W. fourth of the S. E. fourth of section twenty-six, in township ten, range fourteen; which note is to be void, if the said Higgason fails to make permanent title to the said Helvenstein, after the said Helvenstein lifts a hundred and eighty dollar deed *and* trust; and the said Helvenstein binds himself to forfeit $500, provided he does not pay the said Higgason the above note by the 10th day of March next, after proper notice and the perfection of the title. This note draws interest from date, this 31st December, 1857."

The complaint alleged, that the plaintiff had complied with all the stipulations of this contract on his part, and that the defendant had failed to comply with the following stipulations : "1st, that he would lift a hundred and eighty dollar deed of trust therein mentioned ; 2d, that he would pay the $1,600 as therein stipulated and promised; and, 3d, that having failed to pay said $1,600 by the tenth day of March next after the date of said agreement, and after proper notice had been given by plaintiff, he has not paid the $500 therein mentioned, to be forfeited by him in the event of his default in making said payment according to the stipulations of said agreement." The judgment entry shows that the defendant demurred to the complaint, that the demurrer was overruled, and that a demurrer was then sustained to the third breach assigned. The defendant then filed the following pleas : "1st, fraud in selling the land specified in said instrument, to which he had no title, and to which he can make no permanent title ; 2d, failure of consideration ; 3d, that plaintiff bound himself to make permanent title to said land to defendant, as a condition precedent, but did not make said title before the 10th day of March last, nor has he yet made said title, nor can he make said title; 4th, that plaintiff has not performed or complied with his covenant and agreement in said writing specified; 5th, the general issue, with leave to give any special matter in evidence; and defendant avers, that he paid and lifted said deed of trust, as he bound himself to do, and that plaintiff has not made, nor can he make, good and permanent title."

On the trial, as appears from the bill of exceptions, the plaintiff read in evidence the writing which was the foundation of the suit, and a deed from himself and wife to the defendant, dated the 31st December, 1857, for a tract of land which was thus described. "The S. E. quarter of section 34, in township 10, range 14, west of Huntsville ; also, the S. half of section 35, same township and range; also, the W. half of the N. W. quarter of section 21, in township 11, range 14 ; also, the W. half of the N. E. quarter of section 35, township 10, range 14 ; also,

the N. E. quarter of N. W. quarter of section 2, township 11, range 14; also, the S. W. quarter of S. E. quarter of section 26, township 10, range 14,—containing seven hundred and sixty acres, more or less." The consideration recited in the deed was in these words : "For the consideration of two slaves, Joe and Amy, estimated at $2,000, and his promissory note for $1,600, with interest from date, (the note to be paid between this and the 1st March, 1858,) amounting in all to $3,600—$3,500 is to pay for the land, and $100 is added for me to secure the titles to two forty-acre entries made by Adna Hyde, and one forty the deed to come from A. M. Price, of Lebanon, Tennessee."

"The plaintiff then proved, that a large portion of the lands conveyed by said deed to defendant was cleared, improved, and in cultivation; that the lands mentioned in the writing sued on were unimproved, but adjoined the improved lands, and were conveyed by said deed with the improved lands, and were sold by plaintiff, and purchased by defendant, for the use of the improved lands, and as part and parcel of the same plantation; that upon the execution of said deed, the defendant entered into the actual possession of the improved lands, and has been in the actual enjoyment, use and occupation thereof, from that time to the present; and that no other person has had possession of said unimproved lands since the defendant's said purchase. The plaintiff having here rested his case, the defendant then proved, that on the 5th day of April, 1858, the deed of trust mentioned in said writing was paid and satisfied by him; but there was no proof that plaintiff had any notice of the payment and satisfaction of said deed of trust. The defendant also proved, by one Brown, that he had a conversation with plaintiff in August or September last, in which plaintiff stated, that he had not made titles to the lands mentioned in said agreement, except the deed above mentioned, but that he had since obtained titles to eighty acres of said lands, known as the 'Hyde lands,' and was at any time ready and willing to make additional titles thereto; and that plaintiff also stated, in the same conversation, that he

would have procured titles to the remaining forty acres, known as the 'Price land,' but that he had delivered Price's bond for titles to the defendant, who refused to return it to him, to enable him to get the title from Price."

" This being substantially all the evidence, the court charged the jury, that if they believed the evidence, they should find for the plaintiff; to which charge the defendant excepted," and which he now assigns as error, together with the overruling of his demurrer to the complaint.

Wm. S. EARNEST, and ALEX. WHITE, for appellant.

R. W. WALKER, J.—1. It does not appear that the demurrer *stated* any specific objections to the complaint; and for this reason, if for no other, it was properly overruled.—Code, § 2253.

2. The lands named in the instrument sued on, were unimproved lands, adjoining the improved lands sold by the plaintiff to the defendant at the same time, and by the same contract; and they were sold by the plaintiff, and purchased by the defendant, for the use of the improved lands, and as part and parcel of the same plantation. Upon the execution of the deed from the plaintiff to the defendant, which, it is shown, embraced all the lands, both improved and unimproved, the defendant went into the actual possession of the improved land, and so remained to the time of the trial; and no other person has had possession of the unimproved lands since they were purchased by the defendant. Upon these facts, we think that the defendant must be considered as having obtained and held possession under this purchase, of all the lands included in the deed executed by the plaintiff.

No principle is better settled in this court, than that a party who purchases land, gives his note for the purchase-money, and goes into possession under a deed or bond for title from the vendor, cannot, so long as his possession is undisturbed, resist a recovery upon the note for the want of title in the vendor, or on account of the failure of the latter to complete the conveyance.—George v. Stockton,

1 Ala. 136 ; Clemens v. Loggins, *ib*. 622 ; Stone v. Gover, *ib*. 287 ; Tankersley v. Graham, 8 Ala. 247.

It is insisted, however, that the stipulation contained in the instrument sued on, to the effect that it was to be void, " if the said Higgason fail to make permanent title to the said Helvenstein, after the said Helvenstein lifts a hundred and eighty dollar deed of trust," renders the principle just cited inapplicable to this case. To this it is a sufficient answer to say, that as the time when the deed of trust would be discharged by Helvenstein was left uncertain, and as his payment of the debt secured by it was a fact necessarily more within the knowledge of Helvenstein, than of Higgason, the former cannot avail himself of the payment and Higgason's failure thereupon to make the stipulated permanent title, as a defense to this suit, without the further proof that Higgason had been notified that the deed of trust had been satisfied. Williams v. Harper, 1 Ala. 502 ; Fitzpatrick v. Hanrick, 11 Ala. 783. The bill of exceptions affirmatively shows " that there was no proof that the plaintiff had any notice of the payment and satisfaction of the deed of trust."

Upon the evidence set out in the record, the plaintiff was entitled to recover, and the court committed no error in so charging the jury.

The judgment is affirmed.