## ROBBINS *vs.* MENDENHALL.

[ACTION FOR BREACH OF SPECIAL CONTRACT.]

1. *Specification of causes of demurrer.*—A demurrer to a complaint, " for the reason that the same does not, on its face, show any sufficient cause of action against the defendants," is not a compliance with the requisition of the statute, (Code, § 2253,) which requires a distinct specification of the causes of demurrer.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

THIS action was brought by James Mendenhall, against Martin Robbins, George Keyser, and John Hartwell, to recover damages for the breach of a special contract, by which the defendants, " as trustees of the Jacksonville school district in Mobile county," employed the plaintiff to take charge of the school for a session of five months,

commencing in September, 1857. The defendants demurred to the complaint, " for the reason that the same does not, on its face, show any sufficient cause of action against the defendants." The court overruled the demurrer, and its action is here assigned as error.

CHAMBERLAIN & HALL, for appellants.

E. S. DARGAN, and JNO. T. TAYLOR, *contra*.

STONE, J.—The only error assigned on this record, is the overruling of the defendants' demurrer to the complaint. Looking into the demurrer, we find it does not specify any grounds of demurrer, within the spirit of the statute.—Code, § 2253; Burns v. Mayor of Mobile, 34 Ala. 485. The demurrer is but a general one, without specifying any grounds. We cannot consider this as a demurrer under our statute; and the result is, that the assignment of error raises no question for our consideration.

Judgment affirmed.