## HARRISON *vs.* NOLIN.

[PETITION FOR RE-HEARING AFTER FINAL JUDGMENT AT LAW.]

1. *When order granting re-hearing is revisable.*—When the record does not set out the evidence, on which the court below granted a re-hearing after final judgment, (Code, § 2408,) the appellate court can not revise its action.

2. *Specification of causes of demurrer.*—Where a demurrer to a petition for re-hearing after final judgment at law is overruled by the primary court, and the record does not show what causes of demurrer, if any, were assigned, (Code, § 2253,) the appellate court will not consider the sufficiency of the petition, but will presume that no causes of demurrer were in fact assigned, or that none were well assigned.

Harrison v. Nolin.

APPEAL from the Circuit Court of Barbour.

The record does not show the name of the presiding judge in the court below.

THE appellant in this case instituted a real action, in the nature of an action of ejectment, against the appellee, on the 20th March, 1859, and recovered a judgment by default on the 7th December, 1860. On the 19th March, 1861, the defendant filed a petition, under oath, asking a re-hearing of the cause; and on the 9th November, 1866, the following judgment was rendered: "Came the defendant, by attorney, and made application for a new trial in this case, and the plaintiff demurred to the application; which demurrer was overruled by the court, and the plaintiff excepted; and upon hearing all the facts of the case, it is ordered by the court, that a new trial be granted, and that the cause be continued, to be tried at the next term of the court." There is no bill of exceptions in the record, nor does the record show what causes of demurrer, if any, were assigned. The overruling of the demurrer to the petition, and the order granting a new trial, are now assigned as error.

W. C. OATES, for the appellant.

JAS. L. PUGH, *contra.*

BYRD, J.—The court granted a new trial, "upon hearing all the facts in the case." The record does not set out the facts upon which the court granted a re-hearing, and we can not therefore say that the court erred in the order made.

2. There was a demurrer to the application, but the record does not show the grounds of demurrer assigned; and in this state of the record, we must presume, in favor of the ruling of the court, that no ground was assigned that was good, or well assigned.—*Helvenstein v. Higgason,* 35 Ala. 259; *Robbins v. Mendenhall,* 35 Ala. 722.

Judgment affirmed.