CRIM ET AL. *vs.* THE STATE.

[INDICTMENT FOR ARSON.]

1. *Indictment against freedmen ; on trial of, who are competent witnesses.* On the trial of an indictment for arson, against freedmen, they and their wives are competent witnesses for each defendant respectively.— § 4231, *Revised Code.*
2. *Judgment or conviction for felony; what it should show.*—A judgment or conviction for arson, which does not show that the defendants are severally asked by the court, before sentence, if they have anything to say why sentence should not be awarded against them, is erroneous.

From Circuit Court of Franklin.
Tried before Hon. JAMES S. CLARKE.

GEORGE CRIM *alias* Johnson, James Steel, and Daniel Allen, freedmen, were indicted at the fall term, 1868, of Franklin circuit court, for arson. The indictment charges, that the defendants "willfully and in the night-time, set fire to, and burned a certain female seminary, or college, or academy, a certain building erected for public use, the property of William Cooper, which, with the property therein contained, was of the value of five hundred dollars or more," against the peace and dignity, &c.

The defendants were tried jointly, severally plead "not guilty," and were each convicted and sentenced to the

penitentiary for seven years. The judgment entry is as follows :

"State of Alabama ⎱ *Indictment for Arson.* Special
      *vs.* ⎰ term, 1868, Franklin circuit court.
George Crim, James ⎰ Comes R. C. Skinner, solicitor, who
Steel, Daniel Allen. ⎰ prosecutes for the State ; also come
George Crim *alias* Johnson, James Steel, and Daniel Allen, in their own proper persons, who, being charged with arson, plead thereto "not guilty," as charged in the indictment, whereupon came a jury of good and lawful men, to-wit : Alpha Walker, and eleven others, who, being duly sworn and empanneled, upon their oaths do say that they find the defendants, George Crim *alias* Johnson, James Steel, and Daniel Allen, "guilty, as charged in the bill of indictment." It is therefore considered and adjudged by the court that the defendants, George Crim *alias* Johnson, James Steel, and Daniel Allen, be confined in the penitentiary for the term of seven years." Then follows the usual judgment for costs, and order suspending sentence until sixty days after meeting of supreme court, to which defendants appealed.

Upon the trial the defendants reserved the following bill of exceptions : " On the trial of the defendants in this cause, who were tried jointly, the State introduced Isaac E. Young and B. Y. Hooper, *white* men, who testified against said defendants, all of whom were *freedmen,* and said defendants, being freedmen, proposed to introduce their respective wives as witnesses, to-wit : George Crim offered Ann Crim, his wife, as a witness in his own defense ; and each of the defendants proposed to introduce his wife as witness, respectively in their behalf, and the State solicitor objected, and the court sustained the objection and excluded all of said witnesses ; and the defendants severally and duly excepted. The defendants then proposed to offer the defendant, Crim, as witness in their behalf, and the solicitor objected,. and the court sustained the objection ; to which the defendants severally and duly excepted. The defendant, Crim, then offered himself solely as a witness in his own behalf, and each of the other

defendants, likewise offered themselves as witnesses solely in their respective behalf; but the solicitor objected and the court sustained said objection, and excluded them from so testifying, and the defendants again severally and duly excepted, and each defendant tenders this as his bill of exceptions, &c."

There is also a minute entry, (but when made does not appear,) from which it appears that "the defendants have pleaded to the jurisdiction of the court, and the State solicitor having demurred to the same, the court here, now sustains the demurrer, and rules and decides that this circuit court of Franklin has jurisdiction of this case, to which ruling the defendants, out of great caution, excepted, and asks the court here, now pending, to make this exception a part of the record and proceedings in this cause, which is accordingly done under the hand and seal of the presiding judge, this — of —, 1868." Upon what grounds this plea rested is no where shown.

WALKER, MOORE & RATHER, and ALEXANDER, for appellants. JOSHUA MORSE, Attorney-General, *contra*.

[No briefs came into the hands of the reporter.]

PETERS, J.—This is an appeal from Franklin circuit court. At the fall term of the circuit court of Franklin county, in this State, in the year 1868, the defendants in the court below, the said Crim and two others, were indicted for arson. The case was tried on the 22d day of December, of the same year, before the judge of the fourth judicial circuit, when the said defendants were convicted on verdict, and condemned to imprisonment in the penitentiary for seven years, each. Upon the trial, it appears from a bill of exceptions, which is made a part of the record, that the defendants are freedmen, and that upon the trial, the defendants, Steel and Allen, offered to introduce themselves and their wives as witnesses on their behalf, and Crim, himself, on his behalf. This was objected to, and the objection was sustained by the court.

That part of the section of the Code which regulated this

question is in the following words: "and whenever a freedman, free negro or mulatto is a witness against a white person, or a white person is a witness against a freedman, free negro or mulatto, the parties are competent witnesses and may testify in open court, and are not disqualified by any interest in the question or suit, or by marriage."—Revised Code, § 4231.

This statute is one enlarging the rule of the common law in favor of the parties to a suit, where a freedman is a party, and where a white man may be a witness against him. Certainly this is a suit in which a white man may be a witness against a freedman, free negro or mulatto. This brings the proceeding in this case within the statute. The court, therefore, erred in refusing permission to the wives of the defendants to testify in their favor; and also in refusing to permit the defendants to testify in their own behalf. The statute is in favor of truth and liberty, and is entitled to receive a liberal construction.

The charge and conviction being for a felony, the judgment is erroneous in failing to show that the defendants were asked, by the court, if they had anything to offer why judgment should not be awarded against them.—Revised Code, §§ 3541, 3697, 3698, 3699; 2 Bl. Com. 375, Sharswood's; *Saffold v. The People*, 1 Parker C. C. R. 474, 477; *The People v. Stewart*, 4 Cal. 218, 226; *Dyson v. The State*, 26 Miss. 362; 1 Bish. Cr. Proc. § 865, p. 609.

As the question of the abolition and re-establishment of Colbert county does not seem to be clearly presented by the record, no opinion is expressed upon it.

The judgment of the circuit court is erroneous, and is therefore reversed, and the cause remanded for a new trial. The defendants will be held in custody until discharged by due course of law.