## MULLEN *vs.* THE STATE.

[ INDICTMENT FOR ASSAULT WITH INTENT TO MURDER. ]

45 43
133 112

1. *Assault with intent to murder ; charge to jury as to, what proper.*—On a trial for assault with intent to murder, the evidence tending to show that the accused presented a loaded gun and attempted three times to fire it, but there was no cap on it, a charge that the absence of the

Mullen v. The State.

cap would not avail the defendant if he supposed it was on the gun, but that the jury must be satisfied beyond a reasonable doubt that he did not know there was no cap on it, is correct.

2. *Same; what the true rule as to adaptation of act to thing intended.*—In assault with intent to murder, and the like, the true doctrine is that, assuming the necessary intent to exist, the act must have some adaptation also to accomplish the particular thing intended; but the adaptation need only be apparent, not perfect.

3. *Judgment entry in case of felony; what must show.*—In cases of felony, it is error not to ask the prisoner, before passing sentence, if he has any thing to say why sentence should not be awarded against him; and where it does not appear from the judgment entry that this was done, it is a reversible error.

APPEAL from Circuit Court of Elmore.
Tried before Hon. M. J. SAFFOLD.

The facts will be found in the opinion.

THOMAS WILLIAMS and S. F. RICE, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra*.

B. F. SAFFOLD, J.— Upon the trial of the appellant for an assault with intent to murder, the evidence tended to show the following state of facts : The accused followed the prosecutor to the steps of his house, cursing him. As the latter, standing on the portico, was about to enter the room, the accused came up stealthily behind him and seized a gun in his hand, which was loaded, and with a cap on the tube. After a struggle he wrested it from him, and jumping back, presented it at him, snapping it three times, but it did not fire. He examined it deliberately. There was no cap on it. He took from his vest pocket a cap box, which he opened. There were no caps in it, and he went away, carrying the gun with him. After the difficulty was ended, the cap which was proved to have been on the gun was found on the floor of the portico.

In reference to this testimony, the charge of the court, which is rather confusedly set out in the transcript, was, in substance, that the absence of the cap would not avail the defendant, if he supposed it was on the gun ;, but the jury must be satisfied beyond all reasonable doubt that the defendant did not know there was no cap on the gun. The defendant then asked the charge that he could not be

convicted if, when he presented the gun, it was not in a present condition to fire; which was refused.

The authorities agree that to constitute this offense, the ability to kill must concur with the intention to murder.— Wharton's Amer. Crim. Law, 1244; *Beasley v. The State*, 18 Ala. 535. But so general a proposition needs some qualification. Some authors insist that the present ability to perform the deed must be commensurate with the intention, both being defeated by some active special cause independent of the offender and the instrument or means attempted to be used.

But so nice a distinction, in offenses so grave, is better calculated to give immunity to the criminal than proper protection to society. To require a perfect adaptedness in the act performed, and in the circumstances surrounding the prisoner at the time, to accomplish what he meant to do, would do away with the doctrine of attempts, as a practical element in the law, almost entirely. Why it is not an attempt to commit larceny because the pocket searched had nothing in it, and it is an attempt to procure miscarriage by unlawfully using an instrument when there is no fœtus, presents too slight a difference for public morality. Bishop says: "Assuming the necessary intent to exist, the act must have some adaptation also to accomplish the particular thing intended. But the adaptation need only be apparent; because the evil to be corrected relates to apparent danger, rather than to actual injury sustained." "Where the object is not accomplished, simply because of obstructions in the way, or because of the want of the thing to be operated upon, when the impediment is of a nature to be wholly unknown to the offender, who used appropriate means, the criminal attempt is committed." "If in matter of fact some circumstance attends the particular instance, unknown to the offender, which circumstance is only special to the instance, and not ordinarily attending similar cases, the failure of the offender to do the thing intended, through the intervention of this circumstance, prevents not his act from being indictable. It is then an attempt, precisely as if, the circumstance not intervening, it would have been an executed substantive

crime. If the attempt consists in discharging a ball from a gun into a dwelling house believed to be inhabited, while in truth no person is in the house; or in sending a challenge to one whose principles will not permit him to fight; or in doing any other thing which fails by reason of some such casual obstacle intervening, the attempt is complete, since there is created the apparent insecurity against which the criminal law protects the public." He doubts the soundness of an Indiana decision that an indictment could not be maintained where one shot at another with intent to murder, the gun containing nothing but powder and cotton wad, though the person shooting believed it to contain a bullet. The distance was forty feet.—Bishop's Crim. Law, 1 vol. §§ 668–693. The charge given was correct, and the one asked was properly refused. It was sufficiently proved that the prosecution was not barred by limitation, and the charge asked on that point was incorrect.

But there is one error shown by the record for which the judgment must be reversed. It does not appear that the defendant was asked by the court if he had any thing to say why sentence should not be passed upon him. In felonies, as defined by our statutes, this is necessary.— *Crim v. The State*, 43 Ala. 43.