State, use. &c., v. Gardner.

---

STATE, use, &c., *vs.* GARDNER.

[APPEAL FROM JUDGMENT OF CIRCUIT COURT VACATING AND SETTING ASIDE A JUDGMENT RENDERED AT A FORMER TERM, AGAINST A DEFAULTING JUROR.]

1. *Application for rehearing in circuit court.*—An application for a rehearing, on petition to a circuit judge, comes too late if not made within four months from the rendition of the judgment.

2. *Parol evidence, when may be received to impeach judgment.*—On such an application, when made within the time limited by statute, competent

parole evidence may be given to show that the judgment should not have been rendered. On such an application, made within the pre-scribed time, such judgment is not final, and it may be impeached for any of the reasons specified in the Code.—Rev. Code, § 2814.

3. *Demurrer, what should·show.*—A demurrer to the petition in such a case, like all other demurrers, should distinctly state the objection taken, or it will be overruled.

4. *Petition; when should not be dismissed.*—It is not error to refuse to dismiss such a petition on motion, when the same objection may be raised by plea. The court should allow an amendment, or put the party to his plea.

APPEAL from Circuit Court of Russell.

Tried before Hon. LITTLEBERRY STRANGE.

The facts are sufficiently stated in the opinion.

U. S. LEWIS, for appellant.—The circuit court in no instance has the jurisdiction to grant a motion allowing a rehearing after final judgment at a previous term, on the ground of "mistake or inadvertence," and that "the defendant had a good defense, of which he has been deprived by mistake and accident," &c., *when the motion was made altogether at a subsequent term to the one at which the final judgment was rendered.*—See *Holloway v. Washington,* 3 Ala. 668; *Byrd v. McDaniel,* 26 Ala. 585; *Mayor of Little Rock v. Bullock,* 1 English, 282; *Wood v. Luce & Niles,* 4 McLean, 254; *Taylor v. Starr,* 2 Root, 298; *Morgan v. Hays,* Breese, 88; *Commonwealth v. Cawood,* 2 Virginia Cases, 527; *Pratt & McKenzie v. Keils & Sylvester,* 28 Ala. 390.

A petition for a rehearing, &c., on the ·ground of accident or mistake, without fault on the defendant's part, ought to be dismissed when it is shown to the court, by the petition itself, that it was not made within four months after the rendition of the final judgment sought to be set aside, but was made entirely at the next subsequent term, which the supreme court will judicially know to have been six months afterwards.—See § 2814 (2408) Revised Code of Alabama.

The court ought not to hear evidence of witnesses in contradiction of plain matters of its own record.—*Martin*

*v. Barney,* 20 Ala., 269 ; *Swift v. Stebbins & Hunter,* 4 Stew. and Por. 447 ; *Wier v. Hoss,* 6 Ala. 881; *Deslonde & James v. Parrington's Heirs,* 29 Ala. 92 ; *Price v. Br. Bank,* 17 Ala. 378 ; *Kennedy's Ex'r v. Doc, ex dem. Rochon's Heirs,* 26 Ala. 384.

.If the court has any doubt as to the right of appeal by the State in these cases, it will be fully and satisfactorily cleared up by a reference to the following cases : *Smith et al. v. The State,* 7 Porter, 492 ; *The State v. Hinson et al.,* 4 Ala. 673 ; *Callahan v. The State,* 2 Stew. & Porter, 379 ; *Hodges v. The State,* 8 Ala. 55 ; *Dothard v. Teague,* 40 Ala. 583.

G. W. Gunn, *contra.* (No brief on file.)

PETERS, J.—This is an application by petition to a judge of the circuit court for a rehearing after final judgment in that court. It appears from the bill of exceptions and the record of the proceedings in the court below, that at the fall term of the circuit court of Russell county, in 1869, a conditional judgment against the defendant as a defaulting juror was made absolute. This judgment is in these words :

The State of Alabama, For the use of Russell County, *vs.* Benjamin Gardner. } Comes Ulysses Lewis, Esq., solicitor who prosecutes for the State, and the defendant being called came not, but made default. It is therefore considered and ordered by the court, that the judgment *nisi* in this case be made final and absolute, and that the State of Alabama, for the use of Russell county, recover of the defendant said sum of one hundred dollars, together with the costs in this behalf expended; for which let execution issue."

The petition was filed, "Sworn and subscribed in open court," on May 15, 1870. There is nothing in the record to show that the application was made earlier than at this date.

The petition is quite informal, and was demurred to, but the demurrer was overruled, and the parties went to trial

upon a motion founded upon it before the court, when a judgment was rendered, which was entered in the following words:

The State, &c., } On Motion Docket.—Came Ulysses *vs.* } Lewis, Esq., solicitor who prosecutes Benjamin Gardner. } for the State, and the defendant in his own proper person and by attorney. And the solicitor moves to dismiss the motion for (want of) jurisdiction; which motion is overruled by the court, and the solicitor excepted. The solicitor then demurred to the petition; which demurrer being heard and understood by the court, is overruled, and thereupon the solicitor joined issue on the petition. And on hearing the evidence, the court is satisfied that the facts stated in the petition are sustained by the proof. It is therefore ordered and considered by the court, that the prayer of the petition be, and the same is hereby granted, and said judgment described in said petition set aside, vacated and held for naught, and the execution issued thereon is hereby perpetually suspended, and the defendant discharged from said judgment and execution."

From this judgment the State, for the use of Russel county, appeals to this court, and here assigns the following errors:

1st. The court below erred in setting aside and vacating the judgment final.

2d. The court below erred in not dismissing the motion to set aside the judgment final.

3d. The court below erred in overruling the demurrer to the petition.

4th. The court below erred as appears in the record.

The disposition of the first error above assigned will determine the cause in this court, but the third will be first considered.

This court will take notice, without proof, when the terms of the circuit courts of this State begin and when they end. This is matter of law which all the courts of the State judicially know. The county of Russell is in the ninth judicial circuit, and the courts begin in that county "on the ninth Monday after the first Mondays in

March and September, and may continue two weeks."
This would make this court to be held for that county, in
the year 1869, on the second Monday in November of that
year, which was the eighth day thereof. Two weeks can
not exceed fourteen days. This would require the adjourn-
ment of the court as early at least as the 22d of November,
1869. The petition was not filed until the fifteenth day of
May of the year following. The judgment in this case
sought to be opened for rehearing could not have been
rendered later than the twenty-second day of November,
1869. This would make the time intervening between the
judgment and the application for rehearing more than
four months. It would be, at the shortest, above five
months. The petition does not show the date at which
the final judgment sought to be set aside was rendered, but
it does allege the term of the court. This enables this
court to determine that the application was not made at a
"time within four months from the rendition of the judg-
ment." When this is the case, the application comes too
late, and it cannot be entertained.—Rev. Code,' § 2814 ;
*White v. Ryan & Martin*, 31 Ala. 400, 402 ; *Samuels v.
Ainsworth*, 13 Ala. 366. But this objection must be raised
by demurrer to the sufficiency of the petition, or be inter-
posed by plea to the merits. And in such a case, if a
demurrer is interposed, the objection should not be allowed,
unless it is distinctly stated in the demurrer.—Rev. Code,
§ 2656 ; *Harrison v. Nolin*, 41 Ala. 256 ; *Helvenstein v. Hig-
gason*, 35 Ala. 259 ; *Robbins v. Mendenhall*, 35 Ala. 722.
Here the objection raised on demurrer is, "that the peti-
tioner had not complied with the law governing such
petitions, and that the court had no jurisdiction or power
to grant the prayer of the petition." This appears from the
bill of exceptions which governs the judgment entry, which
gives the demurrer without any specification of the ground
of objection.

Although this odjection is not very clear, it embodies a
declaration that the petition showed that the application
had been made too late. This was matter of substance,
and the demurrer ought to have been sustained.—Revised
Code, § 2814; *White v. Ryan & Martin*, 31 Ala. 400. Then

the motion could not have been entertained under the statute authorizing a rehearing in the circuit court.

The second assignment is founded on the refusal of the motion to dismiss the application in the court below. There was no error in this. Here the petitioner had the right to amend his pleading until his case was properly before the court, and then to have the facts of his case tried by a jury.—Rev. Code, § 28.3; Cons. Ala. 1868, Art. 1, § 13; *Thomas et al. v. Bibb et al.*, June T. 1870, Head Notes, p. 4; Rev. Code, § 2809. To dismiss a cause upon motion would often defeat these important rights. Besides, any defense that can be made by motion, generally speaking, may be made by plea, and a party can not be said to be injured by requiring him to proceed in the more regular way. And without injury, one will not be heard to complain.— *Gill v. Downs*, 26 Ala. 670; Shep. Dig., p. 568, § 82.

The first assignment is well taken. The judgment against the petitioner was final. It was rendered against him after legal notice, and the court was clothed with the fullest jurisdiction to act. After the adjournment of the court, such a judgment cannot be set aside and avoided by the same court at a subsequent term.—*Holloway v. Washington*, 3 Ala. 668; *Deslond & James v. Darington's Heirs*, 29 Ala. 92. This case does not fall within the limits of the statutory jurisdiction of the circuit court to correct matters of fact apparent on the record after final judgment, nor is it an attempt to correct a judgment *nunc pro tunc*, nor can relief be granted as upon an application for a rehearing.—Rev. Code, §§ 2812, 2814. The court therefore erred in setting aside and making void the judgment mentioned in the applicant's petition and motion.—Rev. Code, §§ 4074, 4075, 4076, 4077.

The fourth assignment of error cannot be maintained in a proceeding of this sort. The objection raised by the learned counsel for the State, in the court below, was, that parol proof could not be heard to establish the allegations of the applicant's petition, when such proof impeached the correctness of the final judgment for the fine in the court below. This proceeding, by application for rehearing, when the application is made in time, is

to impeach the correctness of this final judgment, and if it could not be impeached by parol testimony, in a very great number of cases it could not be impeached at all. In this proceeding such judgment is not to be regarded as final, if there are facts to show that it ought never to have been rendered. These facts must be let in, when the evidence tending to prove them is competent for that purpose, notwithstanding such evidence tends to contradict the judgment. The principle relied upon to sustain this objection has no application here. There was no error, then, in the ruling of the court below on this question.—*Pratt & McKenzie v. Keils & Sylvester*, 28 Ala. 390.

The judgment of the court below is reversed and the cause remanded.