# Bryant *v.* The State.

### *Keeping Gaming Table.*

(Decided February 15, 1915.   Rehearing denied April 6, 1915.
68 South. 704.)

1. *Charge of Court; Directing Verdict.*—Where there is evidence in a case from which guilt can be inferred, sufficient prima facie to overcome the presumption of innocence, defendant is not entitled to have a verdict directed.

2. *Same; Covered by Those Given.*—The court will not be put in error for refusing charges substantially covered by written instructions given.

3. *Same; Reasonable Doubt.*—Instructions asserting that if the jury is reasonably satisfied that defendant is guilty, and believes there is a probability of his innocence, defendant must be acquitted; and if there be no reasonable doubt of defendant's guilt, yet if there is in the minds of the jury a probability of his innocence, he must be acquitted, are confusing and misleading, and properly refused.

4. *Same; Weight of Evidence.*—A charge asserting that if the jury feels a hesitancy in arriving at a verdict of guilt, they should acquit, is properly refused.

5. *Same; Reconciling Evidence.*—Charges asserting that defendant cannot be convicted unless the evidence is inconsistent with any reasonable theory of innocence, whether that theory appears from the evidence or not, and no matter how strong the evidence may be, if it can be reconciled reasonably with the fact that the state's witnesses are mistaken, the defendant must be acquitted, ignore a consideration of the evidence and are properly refused.

6. *Same; Moral Certainty.*—Charges asserting that the jury must be convinced to a moral certainty, not only that the proof is consistent with defendant's guilt, but wholly inconsistent with every other rational conclusion, and unless the jury would be willing to act upon it, etc., in matters of highest concern and importance to themselves, they should acquit, have been repeatedly condemned.

7. *Same; Doubt of Juror.*—A charge asserting that if any individual juror is able to reconcile the evidence with the reasonable hypothesis of defendant's innocence, the jury cannot convict, is properly refused.

8. *Same; Measure of Punishment.*—Punishment within the minimum and maximum fixed by the statute is discretionary with the jury, and a charge asserting that the jury should give defendant the benefit of every reasonable doubt as to what measure of punishment he should receive, was properly refused.

9. *Same; Reconciling Evidence.*—A charge asserting that if the jury finds the evidence in conflict it is the duty of the jury to reconcile the conflict if it reasonably can favorably to defendant, is properly refused.

10. *Criminal Law; Judgment; Sentence.*—A conviction of keeping a gaming table being a felony, the judgment should show that defendant was asked if he had anything to say why the sentence of the law should not be pronounced upon him; but this appearing and no other error appearing, the verdict will be permitted to stand, and the cause reversed for a resentence.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. E. GREENE.

R. Leonard Bryant was convicted of keeping a gaming table, and he appeals. Affirmed in part and reversed and remanded in part.

(This cause was reviewed by the Supreme Court on certiorari to the Court of Appeals, and a writ was denied. See 193 Ala. 673, 69 South. 1017.—Reporter.)

The evidence for the state tended to show a raid by certain police officers, and the finding by them of a game of craps or dice going on at a table in the shape of tables usually kept in gambling houses, with a negro in charge who was taking out for the house. When they arrested the gang, the negro in charge of the place said it was not his place, and about that time Leonard Bryant came in and offered to make bond for the crowd, saying that it was his place. The place was called

"Leonard Flats." It was shown that defendant carried the key to the doors of these places.

The following charges were refused to defendant, along with other charges which the court holds to have been covered sufficiently by charges given: (J) If the jury is reasonably satisfied that defendant is guilty, and believes that there is a probability of his innocence, he must be acquitted.

(10) Although there may be in the minds of the jury no reasonable doubt of defendant's guilt, yet if there is in the minds of the jury a probability of his innocence, it is the duty of the jury to acquit him.

(H) If the jury feel a hesitancy in arriving at a verdict of guilty in this case, they must acquit defendant, even though you may be reasonably satisfied that he is guilty.

(18) Defendant cannot be convicted, unless the evidence is inconsistent with any reasonable theory of his innocence, whether that theory of innocence appears from or is sustained by the evidence in the case or not.

(387) Before the jury can convict defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of defendant's guilt that they would each venture to act on that decision in matters of highest concern and importance to their own interest, then they must find defendant not guilty.

Charges 756 and M are similar in meaning but a little different in phraseology.

(999) No matter how strong the facts may be, if they can be reasonably reconciled with the theory that the state's witnesses are mistaken, you should find defendant not guilty.

(28) If any individual juror is able to reconcile the evidence in this case with a reasonable hypothesis of defendant's innocence, the jury cannot convict defendant.

(84) It is not only your duty in this case to give defendant the benefit of every reasonable doubt of his guilt, but also to give him the benefit of every reasonable doubt as to what measure of punishment he should receive, should you believe him guilty beyond a reasonable doubt.

(59) In passing on the evidence, if the jury find that the evidence was in conflict, it is the duty of the jury to reconcile the conflict, if it reasonably can, favorably to the defendant.

J. Q. SMITH, and HORACE C. WILKINSON, for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—(1) There being evidence in the case from which the jury might have inferred the defendant's guilt, and sufficient prima facie to overcome the presumption of innocence, the court committed no error in refusing the affirmative charge requested by the defendant.—*Jones v. State*, 90 Ala. 630, 8 South. 383, 24 Am. St. Rep. 850; *Robinson v. State*, 8 Ala. App. 435, 62 South. 372; *Minto v. State*, 8 Ala. App. 306, 62 South. 376; *Fulton v. State*, 8 Ala. App. 257, 62 South. 959.

(2) Charges 341, 5, and K were properly refused, besides being covered by given charge G.—*A. G. S. R. R. Co. v. Robinson*, 183 Ala. 265, 62 South. 813.

Charge 22, if a correct exposition of the law, is covered by given charges 11, 15, 16, 818, and 25.

Charges D and C, besides being confusing, appear to have been covered by other given charges on the same subject—Nos. 11, 15, 16, 818, and 25.

(3) Charges J and 10 were properly refused, if for no other reasons, as being confusing and misleading.— 1 Mayf. Dig. 170, § 14.

Charge 12 is covered by given charge 15, charge 21 by given charge 8, charge 9 by given charge 25, and charge E, by given charge 818.

(4) Charge H is so patently bad as not to require comment.—*Shepperd v. State,* 94 Ala. 102, 10 South. 663.

(5) Charge 999, if not otherwise faulty, was properly refused, as it ignored a consideration of the evidence. —*Collins v. State,* 138 Ala. 57, 34 South. 993; *Ex parte Acree,* 63 Ala. 234.

Charge 18 was bad for the same reason.—*Sanford v. State,* 143 Ala. 82, 39 South. 370.

(6) Charges 387, 756, and M each belong to a class of charges that have been condemned under the later authorities.—*Stevens v. State,* 6 Ala. App. 6, 60 South. 459, and cases there cited.

(7) Charge 28 was properly refused. It is clearly different from similar charges approved in 1 Mayf. Dig. 183, § 36, since having a reasonable doubt of guilt is not the same thing as having an ability to reconcile evidence.

(8) Charge 84 states no proposition of law, as the measure of punishment for crime is a matter left to the discretion of the jury, to be exercised as their own judgment may prompt within the limits fixed by the statute. Within these limits (a minimum and a maximum) the law fixes no rule for guiding them.

(9) Charge 59 was also properly refused.—*Sherrill v. State,* 138 Ala. 3, 35 South. 129; *Compton v. State,* 110 Ala. 35, 20 South. 119; 1 Mayf. Dig. 168, § 11.

(10) There is merit, however, in the contention that, since the charge and conviction is for a felony (Code, §§ 6585, 6756), the judgment is erroneous in failing to recite or show that the defendant was asked by the court if he had anything to say why the sentence of the law should not be passed upon him.—*Crim v. State,* 43 Ala. 53; *Mullen v. State,* 45 Ala. 46, 6 Am. Rep. 691; *Boynton v. State,* 77 Ala. 33; *Perry v. State,* 43 Ala. 23; *Burch v. State,* 55 Ala. 136; *Schab v. Berggren,* 143 U. S. 447, 12 Sup. Ct. 525, 36 L. Ed. 218; *Spigner v. State,* 58 Ala. 424.

(11) The end and aim of the law in requiring such question to be asked of the defendant will be fully met, however, by reversing the judgment merely back to the sentence, leaving the judgment of conviction to stand, and directing the court to resentence the prisoner, after first asking such question, unless defendant's answer discloses good reasons why he should not be sentenced. —*Reynolds v. State,* 68 Ala. 502; *Ex parte Robinson,* 183 Ala. 30, 63 South. 177; *Minto v. State,* 9 Ala. App. 98, 64 South. 369.

It follows that judgment is here rendered affirming the judgment appealed from, except as to the part of it imposing sentence. As to such part the judgment is reversed, and the cause remanded, that the defendant may be sentenced in conformity to the requirements of law.

Affirmed in part, reversed in part, and remanded.