# DuBose *v.* The State.

### Crime.

(Decided November 28, 1916. 73 South. 121.)

1. **Judgment; Record; Impeachment.**—Judgment entries which appear correctly transcribed cannot be varied or impeached by evidence aliunde.

2. **Criminal Law; Sentence.**—Where the sentence was for four months hard labor, but it is not shown whether it is for the payment of fine and costs, or additional punishment for the offense, the sentence is irregular.

3. **Same; Remand.**—Where the sentence is irregular, but no other error appears, the cause will be affirmed as to the conviction, but remanded for proper sentence.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

J. M. DuBose was convicted of a misdemeanor and he appeals. Affirmed as to the conviction but reversed and remanded for proper sentence.

J. B. ADKINSON, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—(1) The appellant seeks to show by ex parte affidavits that he was not in court when the sentence of the court

[Pate v. Baker.]

was pronounced against him. The judgment entry in the record recites: "The defendant, being in open court, is sentenced to four months' hard labor for the county of Chilton, imposed by the court."

There is no contention that the judgment of the court as it appears on the record in the court below is not correctly transcribed. It is well settled that such records cannot be varied or impeached by evidence aliunde.—*Edinburgh L. & M. Co. v. Canterbury*, 169 Ala. 444, 53 South. 823.

(2). The sentence, however, is not regular, as it does not appear whether the sentence to four months' hard labor was for the payment of the fine and costs, or was additional punishment for the offense. Whether the one or the other, of necessity, it was "imposed by the court."

(3) The judgment of conviction is affirmed, but the sentence is vacated, and the cause remanded, that the defendant may be sentenced.—*Bryant v. State*, 13 Ala. App. 206, 68 South. 704.

Affirmed in part, and in part reversed and remanded.