[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.]
J.M. DuBose was convicted of a misdemeanor and he appeals. Affirmed as to the conviction but reversed and remanded for proper sentence.
(1) The appellant seeks to show by ex parte affidavits that he was not in court when the sentence of the court *Page 234 
was pronounced against him. The judgment entry in the record recites: "The defendant, being in open court, is sentenced to four months' hard labor for the county of Chilton, imposed by the court."
There is no contention that the judgment of the court as it appears on the record in the court below is not correctly transcribed. It is well settled that such records cannot be varied or impeached by evidence aliunde. — Edinburgh L. M.Co. v. Canterbury, 169 Ala. 444, 53 So. 823.
(2) The sentence, however, is not regular, as it does not appear whether the sentence to four months' hard labor was for the payment of the fine and costs, or was additional punishment for the offense. Whether the one or the other, of necessity, it was "imposed by the court."
(3) The judgment of conviction is affirmed, but the sentence is vacated, and the cause remanded, that the defendant may be sentenced. — Bryant v. State, 13 Ala. App. 206, 68 So. 704.
Affirmed in part, and in part reversed and remanded.