(104 So. 674)

**SHEPARD v. STATE. (7 Div. 55.)**

(Court of Appeals of Alabama. June 9, 1925.)

**1. Criminal law ⊚⇒1134(2)—Court must consider all questions apparent on record or reserved by bill of exceptions.**

The law charges court with duty of considering all questions apparent on the record, or reserved by bill of exceptions.

**2. Criminal law ⊚⇒1028—Matters not ruled on by court below not reviewed.**

Jurisdiction of appellate court limited in review to those matters upon which action or ruling at nisi prius was invoked or had.

**3. Criminal law ⊚⇒1045—Sufficiency of evidence not review, in absence of ruling thereon.**

In cases where evidence adduced is deemed insufficient to warrant conviction or sustain judgment, a ruling of trial court thereon is necessary to review.

**4. Criminal law ⊚⇒1045—Questions apparent of record reviewable on appeal, though not ruled on below.**

Questions apparent of record are reviewable on appeal, though not ruled on below.

**5. Criminal law ☞995(2)—Judgment erroneous, where no adjudication of defendant's guilt.**

Judgment *held*, erroneous, where there was no expression or implied adjudication of defendant's guilt.

**6. Criminal law ☞989—Judgment erroneous, where defendant on conviction not asked if he had anything to say why sentence should not be pronounced.**

Where defendant was convicted of a felony, judgment was erroneous, where he was not asked, as law requires, if he had anything to say why sentence of law should not be pronounced against him.

**7. Criminal law ☞995(1)—Memorandum judgment by clerk erroneous.**

Attempted judgment is erroneous, where it is nothing more than mere memorandum by clerk or apparently mere copy of bench notes.

**8. Criminal law ☞785(9)—Error to refuse charge that jury consider pecuniary interest of witness in conviction.**

It was error for court to refuse a charge to effect that jury may consider pecuniary interest of witness in conviction; requested charge not being abstract or covered by oral charge or otherwise.

**9. Witnesses ☞363(1)—Any fact tending to show bias or partiality of witness may be shown.**

Any fact tending to show bias or partiality of witness may be shown; purpose being that jury may weigh testimony in light of interest shown, whether based on friendship, hate, or financial or other reasons.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

W. A. Shepard was convicted of manufacturing prohibited liquors and possessing a still, and he appeals. Reversed and remanded.

The judgment entry is as follows:

"On this 2d day of February, 1924, comes the state by its solicitor and the defendant in his own proper person. Defendant demurs to indictment overruled by the court, and, having been duly arraigned on hearing the indictment against him read in open court, pleads not guilty, thereto. Issue therefore being joined, comes a jury of good and lawful men, to wit, W. W. Pyle, and eleven others, and having first been duly impaneled, sworn and charged, upon their oaths do say: 'We, the jury, find the defendant guilty as charged in the indictment. W. W. Pyle, Foreman.'

"Defendant is sentenced to hard labor in the penitentiary for a period of not less than one year nor more than one year and one month. Defendant appeals from this sentence, and bond fixed at $1,500. Sentence suspended pending the appeal."

Starnes & Starnes, of Pell City, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

BRICKEN, P. J. Throughout the trial of this case no objections were interposed, no ruling of the court was invoked, and consequently no exceptions were reserved. The affirmative charge was not requested, nor was there a motion for a new trial. It appears that defendant was represented by counsel in the lower court, but no brief has been filed in this court in behalf of appellant.

[1] The law charges this court with the duty of considering all questions apparent on the record, or reserved by bill of exceptions.

[2, 3] In the so-called bill of exceptions contained in this transcript several errors appear, but these questions are not presented, as no ruling of the court was invoked; therefore nothing is presented here for review, and the defendant cannot be accorded the benefit attendant upon these matters, as the jurisdiction of this court is appellate only, and review here is limited in all cases to those matters upon which action or ruling at nisi prius was invoked or had. And in cases where the evidence adduced is deemed insufficient to warrant a conviction or to sustain a judgment a ruling of the trial court on that proposition must be properly invited in order to invoke or justify a review of the question by this court. This is usually done by requesting the affirmative charge in writing. Woodson v. State, 170 Ala. 87, 54 So. 191. As stated, therefore, we are not authorized to consider the errors in the so-called bill of exceptions here, nor can the appellant be accorded the benefit thereof.

[4-7] A different duty devolves upon this court, however, in respect to errors apparent on the record. The judgment contained in this record is erroneous. The judgment shows that there was a general verdict of guilty returned by the jury; the defendant being charged with and convicted of a felony. The judgment is erroneous, in that there was no adjudication of the defendant's guilt and nothing from which it could be implied. The defendant was convicted of a felony, but, notwithstanding this, he was not asked, as the law requires, if he had anything to say why the sentence of the law should not be pronounced against him. Frazier v. State, 17 Ala. App. 486, 86 So. 173; Bryant v. State, 13 Ala. App. 206, 211, 68 So. 704; Cranford v. State, 16 Ala. App. 68, 75 So. 274; Ex parte Robinson, 183 Ala. 30, 63 So. 177. Moreover, the attempted judgment here is nothing more than a brief memorandum by the clerk, apparently a

mere copy of the bench notes. See Wells v. State, 19 Ala. App. 403, 97 So. 681, on rehearing.

[8, 9] The court refused to charge the jury, although specially requested to do so in writing, "that you may consider the pecuniary interest that any witness may have in the result of your verdict in weighing the testimony of such witness." The law is that any fact tending to show bias or partiality of a witness may be shown, the purpose being that, if the witness is interested in the result of the trial, the jury may weigh his testimony in the light of such interest, and it matters not if the interest so shown is based upon hatred or friendship, or upon financial or other reasons. The charge here was not abstract, as state witness Jake Thompson testified on cross-examination:

"I go about over the country looking for wildcat stills and whisky violators, working on a commission. If I don't get convictions I don't get commissions. I heard we get $50 for capturing a man for making whisky."

The substance of the refused charge was not covered by the oral charge or otherwise. Its refusal therefore was error. Brown v. State, 18 Ala. App. 91, 90 So. 54; Byrd v. State, 17 Ala. App. 301, 84 So. 777, and cases cited.

For the errors pointed out the judgment of conviction appealed from is reversed and the cause remanded.

Reversed and remanded.