(122 So. 301)
## CHENEY v. STATE.   (4 Div. 528.)

Court of Appeals of Alabama.   May 7, 1929.

Lee J. Clayton and McDowell & McDowell, all of Eufaula, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ▮▮ It affirmatively appears by the record that the judgment of the court pronounced and entered against this appellant is erroneous, in that it does not recite that the defendant was asked by the court whether he had anything to say why the sentence of the law should not be pronounced against him.

The conviction of appellant was for a felony, and the failure to propound this question when passing sentence in cases of felony is erroneous. McMahan v. State, 21 Ala. App. 522, 109 So. 553, and cases cited. However, if this was the only error apparent upon the record, or reserved by bill of exceptions, the judgment of conviction would not be reversed necessitating a new trial of the case, and the order here would be a remandment of the cause for proper sentence. Frazier v. State, 17 Ala. App. 487, 86 So. 173.

▮ After a careful consideration of this case and all the attendant facts and circumstances, shown by the record, this court has reached the conclusion that defendant's motion for a new trial should have been granted and that the court below erred in overruling said motion. It is apparent that a highly unfavorable atmosphere was created by the assumption of the solicitor to the effect that this appellant while confined in the county jail upon this charge tried to escape therefrom, and in this connection propounded to the defendant on cross-examination the following question: "Q. And when the sheriff returned, *after he had been notified that you were about to escape*, didn't he find you all dressed and ready to get out?" The above question and line of inquiry received the sanction of the court when the court overruled the defendant's timely and appropriate objection thereto. The defendant strenuously denied that he had made any effort to escape from jail, and in the face of this denial no attempt was made to prove otherwise. The sheriff was not put upon the stand and interrogated about it, nor did the solicitor undertake to follow it up by further inquiry. Learned counsel for appellant here insist that it was a deliberate effort upon the part of the state to prejudice the defendant and to place him in a highly unfavorable light before the jury. We are of the opinion that this insistence is meritorious. Unless there was some basis for an inquiry of this character it should not have been indulged or attempted. The question itself was improper in that it assumed that the sheriff had been notified that the defendant was about to escape from jail. The sheriff was in court and available as a witness, but, as stated, no attempt was made to prove by him or by any other witness the facts inquired about in this connection.

▮ Upon the trial of this case the accused was called upon to defend only as to the offense charged in the indictment and none other. The general and well-recognized rule in this connection is that in a prosecution for a particular offense evidence tending to show defendant guilty of another and distinct offense, disconnected with the specific crime charged, is inadmissible; the manifest purpose of this rule being to prevent prejudice to

the defendant in the minds of the jury by the introduction of evidence of offenses for which he is not indicted, to which he is not finally to answer, and building up a conviction on inferences of guilt from the fact that he had committed another offense. The justice, fairness, and reason for the rule is apparent, and, as was said in the case of Gassenheimer v. State, 52 Ala. 313: "A strict adherence to it is necessary to prevent criminal prosecution from becoming instruments of oppression and injustice." In said case it was also said: "No man shall be twice put in jeopardy for the same offense, and of the nature and cause of the accusation made against him, he shall be fully informed before he is called to trial, is the paramount law of the land. Than that accusation, he cannot be supposed to stand prepared to answer."

The rule above announced, which requires that all evidence which is introduced shall be relevant to the guilt or innocence of the accused, as to the specific crime charged, is always applied with considerable strictness in criminal proceedings. The wisdom and justice of this, at least from the defendant's standpoint, are self-evident. The defendant can with fairness be expected to come to court prepared to meet the accusations contained in the indictment against him only and none other.

There are certain exceptions to above rule which are enumerated in the Gassenheimer Case, supra, and need not be here stated, for in the instant case no point of decision is presented on this matter, and discussion here is merely for the purpose that it should be considered by the court in connection with other matters on the motion for new trial. There was nothing in the indictment to put defendant on notice that he was to be tried also for robbing state witness Abe Richardson; the details of which transaction were fully allowed without objection.

In the instant case, the corpus delicti was established by the evidence without dispute. The material inquiry was the identity of the persons who committed the offense upon the person of Sherman Boykin. There was some evidence tending to show that this appellant was one of the guilty parties. There was a superabundance of evidence to the contrary, for a large number of witnesses gave evidence which tended to show that at the time the offense complained of was committed this appellant was at his own home in the city of Eufaula, many miles away from the place of commission.

For the error in overruling defendant's motion for a new trial, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.