58 So.2d 889

ROLLS et al. v. TUCKER LAND CO., Inc.

6 Div. 45.

Supreme Court of Alabama.

May 15, 1952.

Wm. Conway, Birmingham, for appellants.

Chas. E. Tweedy, Jr., and Elliott & Petree, Jasper, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a judgment rendered on a verdict of the jury in favor of the defendant in the court below. The case went to the jury on a complaint consisting of four counts. Count 1 is for work and labor done; Count 2, for money due by account; Count 3, for money had and received, and Count 4, for breach of contract.

The parties to the suit entered into an agreement whereby the defendant in the court below leased certain described lands to the plaintiffs for the purpose of mining coal by the method commonly known as strip mining. The recovery sought was predicated upon the alleged breach of the agreement contained in the third paragraph of the lease contract which reads as follows:

"The lessee agrees to strip the coal from said leased premises and load the same in trucks provided by the lessor at the strip pit and for a price of $4.00 per 2,000 pounds of coal, based upon a price of $6.72 per ton gross to lessor. If the price of coal should change during the term of this lease, each party hereto shall take 50% of the gain or loss. It is further understood and agreed that in the event the lessee can obtain a market for the coal mined from said premises at a price greater than that for which the Lessor can sell said coal that the Lessee shall have the right to sell the same through the Lessor to the market where the highest price can be obtained. It is further understood and agreed that in the event that the Lessor cannot find a market for the coal stripped from said lands that the lessee shall have the right to sell the coal to any market that they are able to find."

The evidence is without dispute that in the latter part of the year 1948, and during the life of the contract, the price of coal materially decreased or dropped, and that plaintiffs ceased mining operations with some 4,000 tons of coal mined but undisposed of.

Plaintiffs' evidence tended to show that they, the plaintiffs, found a market for the coal already mined, and for large quantities of coal not mined, but that defendant would not sell nor agree for the plaintiffs to sell. Defendant's evidence tended to prove the contrary. The issue was clearly one for the jury. We also note that under the express terms of paragraph three of the contract between the parties, the plaintiffs had the right to sell all coal mined regardless of the efforts or attitude of defendant in that respect, and even against the will of the defendant.

Assignments of error 1 and 2 are predicated upon the giving of two charges at the written request of the defendant. The charges were to the effect that the defendant was under no duty to sign a contract

agreeing to ship coal to a third party. The documents involved do · not appear to be orders, but merely another agreement between the parties, and which defendant could execute or not as he saw fit.

■ Assignment of error numbered 3 is based upon the giving of the following charge for defendant.

"The Court charged the jury that in considering what weight you will give the testimony of Calvin Jones, Leon Jacobs and Otis Gibson, you make [sic] take into consideration the fact, if it be a fact, that the plaintiff owes each one of them a sum of money of $1000.00 or in excess thereof.".

This charge was proper under the authority of the following cases. Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216; Shepard v. State, 20 Ala.App. 627, 104 So. 674. The witnesses referred to in the charge gave evidence for plaintiffs and the evidence further tended to prove the facts hypothesized in the charge.

There was no error in giving the following written charge for defendant, and which is made the basis of assignment of error numbered 4.

■ Charge number X9.—"Even though the plaintiff did perform work and labor under said contract, yet if after considering all the evidence in this case, you are reasonably satisfied therefrom that there was no market for said coal, then the court charges the jury that the plaintiff would not be entitled to recover for said work and labor."

The written contract between the parties, the pertinent part of which is set out above, clearly contemplates a sale of the coal mined before any liability of the defendant to the plaintiffs arises. Plaintiffs' remedy was to sell the coal in the event defendant could not or would not sell it. Under the evidence in the case the court did not err in giving charge X9.

■ Assignments of error 6 and 7 are based on the action of the trial court in sustaining defendant's objection to two exhibits which plaintiffs refer to as orders for coal which they, the plaintiffs, had se-

cured and which defendant refused to sign. These documents do not appear to be orders for coal. They are agreements for changes in the original contract which the defendant was under no obligation to sign. The documents not having been signed by defendant are irrelevant and immaterial.

There was no error in overruling appellants' motion for a new trial.

Affirmed.

BROWN, FOSTER and STAKELY, JJ., concur.