327 So.2d 766

**Edwin William SMITH**

v.

**STATE.**

**3 Div. 375.**

Court of Criminal Appeals of Alabama.

Feb. 17, 1976.

Stokes & Jernigan, Brewton, for appellant.

William J. Baxley, Atty. Gen., and Jack Curtis, Asst. Atty. Gen., for the State.

McCullough, that appellant-defendant had been sent to Searcy Hospital, thereby implying that appellant had been placed in a mental institution and had been released and was mentally competent.

■ We noted that the defendant did not object to these questions propounded by the State to the witnesses and by that means obtain a ruling of the court as to their relevancy and competency. In the absence of such objections and a ruling, there is nothing for this Court to review. *Shepard v. State*, 20 Ala.App. 627, 104 So. 674; *Handley v. State*, 214 Ala. 172, 106 So. 692.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, in forma pauperis here and below, was convicted of rape pursuant to an indictment therefor and sentenced by the jury to thirty years imprisonment. The court entered judgment accordingly.

It is unnecessary to state the details of this unfortunate offense, but it is sufficient to say that evidence was adduced which was relevant to the issues of fact created by defendant's plea of not guilty and not guilty by reason of insanity.

The record shows that the trial judge, pursuant to a motion by defendant, ordered defendant to be sent to a state mental institution for examination and later released. The evidence indicates this procedure, but so far as we observe, the order of confinement does not appear in the record.

### I

Appellant complains that the trial court erred in permitting the State, on cross examination, to elicit from the defendant's father, Edwin Smith, and his sister, Elsie

### II

■ The next assertion is that the trial court erred in refusing, on motion of defendant, to disqualify for cause some of the jurors who were acquainted with the rape victim's father and some who had worked under and for said father. There was no showing that such acquaintances or contacts were probably prejudicial to defendant. Such probable prejudice must be shown. *Grandquest v. Williams*, 273 Ala. 140, 135 So.2d 391.

### III

A third and final contention of error is made because the trial court permitted a witness, over defendant's objection, to state defendant had told him in the jail, ". . . that it didn't make any difference about him being charged, that they couldn't convict him, that they (sic) had been charged like this before in the State of Florida, and that he had played crazy and beat the rap."

■ The objection was predicated on the failure of the State to show when the statement was made. The witness testified that he did not recall when it was, but that he only had one conversation with defendant in the Escambia County jail. We think the answer as to time was sufficient

and that the court did not err in overruling defendant's objection. *Nichols v. State*, 276 Ala. 209, 160 So.2d 619. We quote from *Nichols:*

> "The issue of insanity gives much latitude, both to the defendant and the State, for the introduction of evidence of defendant's acts, declarations and conduct, prior and subsequent to the alleged crime, subject to the limitation that the acts, declarations and conduct inquired about must have a tendency to shed light on the accused's state of mind when the act for which he is being tried was committed. *Hall v. State*, 248 Ala. 33, 26 So.2d 566; *Barbour v. State*, 262 Ala. 297, 78 So.2d 328, and cases there cited; Annotation 8 A.L.R. 1219."

The judgment is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.