## ROBIN (A FREEDMAN) *vs.* THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.]

1. *Asking prisoner, on conviction, if he has aught to say in arrest of judg-
   ment.*—It is not necessary, in a case of felony, that the record should
   affirmatively show that the prisoner was asked by the court, before
   sentence was pronounced against him, if he had anything to say in
   arrest of judgment: the question will be presumed to have been
   asked, unless the record affirmatively shows that it was not.

2. *Motion in arrest of judgment; presumption in favor of judgment.*—When
   no exception is reserved to the overruling of a motion in arrest of
   judgment, and the record does not set out the evidence on which the
   motion was founded, the appellate court will presume that the mo-
   tion was properly overruled.

ERROR to the Circuit Court of Tuskaloosa.
Tried before the Hon. WM. S. MUDD.

THE indictment in this case contained two counts, each
describing the prisoner as " a freedman of color ;" the first

charging that he " unlawfully, and with malice aforethought, did assault one Joseph W. Gillem, with the intent to murder him"; and the second, that the assault was made " with a stick and an axe," and " with the intent to kill and murder." The defendant pleaded not guilty, and issue was joined on that plea. The jury returned a verdict of guilty in manner and form as charged in the indictment. After conviction, the defendant moved in arrest of judgment, on the following grounds: " 1st, that the verdict was contrary to law and the evidence; 2d, that the verdict was contrary to the charge of the court; 3d, that the evidence disclosed the fact that the assault was really committed by the prosecutor, and not by the defendant." The court overruled the motion, and sentenced the defendant to imprisonment in the penitentiary for the term of three years. There is no bill of exceptions in the record, and the cause is brought up by writ of error. The errors assigned are— "1st, that the verdict and judgment are illegal; 2d, that the indictment is defective."

W. R. SMITH, for the prisoner.
JNO. W. A. SANFORD, Attorney-General, *contra.*

BYRD, J.—The indictment was found at a special term of the circuit court of Tuskaloosa county, held on the 27th November, 1865. There is no bill of exceptions, and the cause is brought here on writ of error. The first count in the indictment is good. The verdict is general. The proceedings are regular, unless the failure to ask the prisoner, before sentence, what he had to say why the sentence of the law should not be pronounced, is erroneous; and this question is settled adversely to the defendant in the case of *Aaron & Ely v. The State*, at the last term, and authorities there referred to.

[2.] The defendant made a motion in arrest of judgment, and set up several distinct and sufficient grounds; but there is no bill of exceptions setting forth any evidence to support them, nor any exception to the ruling of the court on the motion. In this condition of the record, we must

presume that the court acted correctly in overruling the motion.—See *Paris v. The State*, 36 Ala. 232.

As there is no error in the record, let the judgment be affirmed.