## PERRY *vs.* THE STATE.

[INDICTMENT FOR MURDER.]

1. *Conviction for felony; prisoner should be asked why judgment should not be pronounced on him—failure to do so, error.*—When a party is convicted of a felony, it is error for the prisoner not to be asked, before sentence is pronounced, why the judgment, awarded by law, should not be pronounced upon him; and particularly, when he is not attended in court by his counsel.

2. *Judgment; what it should show.*—In a criminal case, the judgment should show that the jury were properly sworn, as required by law.

3. *Murder; definition of.*—On the trial of an indictment for murder, a charge of the court, that "murder is the unlawful killing of one person by another, with malice either express or implied," is erroneous. The killing should be charged, as having been done "unlawfully and with malice aforethought."

From the Circuit Court of Bullock.
Tried before Hon. J. McCALEB WILEY.

MOSES PERRY, *alias* POWELL, was indicted and tried at the fall term, 1868, of Bullock circuit court, for the murder of Alfred Perry, found guilty of murder in the second degree, and sentenced to the penitentiary for ten years. On the trial, the defendant reserved a bill of exceptions, setting out the evidence in full; but it is only necessary to an understanding of the case, to set out that part of the exceptions which relates to the charge of the court, the other facts being set out in the opinion. "At the request of the State, the court," among other things, charged the jury that "murder is the unlawful killing of one person by another,

with malice either express or implied," to which charge the defendant excepted.

No errors are assigned.

J. N. ARRINGTON, for prisoner.
JOSHUA MORSE, Attorney-General, *contra.*

[No briefs came into the hands of the Reporter.]

PETERS, J.—At the fall term of the circuit court of Bullock county, in this State, in the year 1868, Moses Perry, *alias* Powell, *a freedman*, was indicted for the murder of Alfred Perry. The cause came on to be heard and tried on the first day of December, 1868, when the following sentence and judgment was rendered against him, to-wit:

" The State      Indictment for murder.
       vs.        On this, the first day of December, 1868, came Flemming Law, the Moses Perry, *alias*   ber, 1868, came Flemming Law, the
   Moses Powell.    solicitor for the State, and also came the defendant in his own proper person, and pleads not guilty to the bill of indictment ; thereupon came a jury of good and lawful men, to-wit : G. W. Atkinson, who, on their oaths do say, we, the jury, find the defendant guilty of murder in the second degree, and that he shall be confined at hard labor in the penitentiary of the State of Alabama, for the period of ten years. It is therefore ordered and adjudged by the court, the defendant in his own proper person being present in open court, that the defendant be confined at hard labor in the penitentiary of the State of Alabama for the period of ten years."

There was no assignment of errors. Neither from this entry, nor from any portion of the record, does it appear that the defendant was attended in court by his counsel, when sentence was pronounced upon him ; nor does it appear that the defendant was asked by the court, or by the clerk in presence of the court, if he had any thing to say why judgment should not be awarded against him. The failure to do this was error.

Blackstone lays it down as a rule of procedure in capital felonies, that, when " the jury have brought in their verdict

in presence of the prisoner, he is either immediately, or at a convenient time soon after, asked by the court, if he has any thing to offer why judgment should not be awarded against him."—4 Blackstone's Com. 375, *marg. ;* 1 Chitt. Cr. Law, 699, 701. And in Bishop's Criminal Procedure, it is said, " It is now indispensably necessary, even in clergyable felonies, that the defendant should be asked by the clerk, if he has anything to say why judgment " should" not be pronounced on him ; and it is now material that this appear upon the record to have been done." " If he has nothing to urge in bar, he frequently addresses the court in mitigation of his conduct, and desires the intercession of the judges with king," (or the executive,) or casts himself upon their mercy. After this, nothing more is done, but the proper judge pronounces the sentence."—2 Bish. Criminal Proc. p. 610, §§ 865, 866 ; Revised Code, § 4314.

So far as we know, this question has not, until the present term of this court, been made in this State. But it has come up in the States of Georgia, Pennsylvania and New York, and in these States, it has been settled in accordance with the judgment in the case of *Crim v. The State,* at the present term.—*Grady v. The State,* 11 Geo. Rep. 253 ; *Hamilton v. Commonwealth,* 4 Harris' Penn. R. 129 ; *Safford v. The People,* 1 Parker. Crim. Cases, N. Y. R. 474 ; 3 Mod. 265 ; 8 Mod. 26 ; 12 Mod. 51, 95, 312 ; 1 Lord Ray, 408 ; 1 Shann. 131 ; 1 Sid. 85, 6 Ent. 358 ; 2 Hale, 217 ; 3 Com. Dig. 513 ; 2 Hawk. P. C. 438 ; 3 Salk. 358 ; Comb. 144 ; *Crim v. The State,* January term, 1869.

The unhappy class of citizens to which the defendant in this case belongs, are too often treated as persons with very slender rights to the indulgence of the court. They should, therefore, have every opportunity that the law affords, to counteract the effects of the uncontrollable prejudices against them. Such indulgence, to be heard in explanation or mitigation of the verdict, has some times shown, that the verdict was of such doubtful propriety as to secure a new trial, and a final acquittal, or a very great modification of the sentence.

The judgment is also defective in failing to show that the jury were properly sworn.—4 Bl. Com., Appendix, 650, Sharswood's Edition; Revised Code, § 4092; *Beal v. Campbell*, 1 S. & M. 24.

The first charge given by the court was in these words, to-wit: "Murder is the unlawful killing (of) one person by another, with malice either express or implied." This was excepted to by the defendant. We can not approve this definition. In describing murder, both in the *form* of indictment given, and in the body of the Code, it is designated as a "wilful, deliberate, malicious and premeditated killing." And the indictment is, "A. B., unlawfully and with malice aforethought, killed C. D."—Revised Code, § 3653; *ib.* p. 807, No. 2; 1 Bish. Criminal Law, p. 233, § 422; 1 Hale, P. C. 425; 3 Inst. 47; 4 Bl. Com. 195. It is unsafe to depart from well settled precedents. *Via trita est tutissima.*—1 Co. Litt. 11*a.*; 1 Bl. Com. 68, Sharswood's; 4 M. & S. 168; 2 Kent. 553. It is not necessary to examine the other questions raised upon the record, as the foregoing opinion disposes of the case.

The judgment of the court below is therefore reversed, and the cause remanded for a new trial, and the defendant will be held in custody until discharged by due course of law.