# Burch *v.* The State.

*Indictment for Gaming.*

1. *Judgment imposing additional hard labor, for fine and costs.*—When a fine of fifty dollars is the only punishment imposed, and, not being paid presently, a sentence to hard labor for the county is imposed by the court (Rev. Code, § 3760), the statutory limit of the term of hard labor is twenty days.

2. *Judgment and sentence corrected and affirmed.*—Where the only error shown by the record, in a criminal case, is that the court, in imposing a sentence to hard labor to cover the unpaid fine and costs, exceeds the term fixed by the statute, this court, in the exercise of its statutory power and duty (Rev. Code, §§ 4314–16), will correct the sentence, and affirm the judgment.

FROM the City Court of Montgomery.
Tried before the Hon. JOHN A. MINNIS.

Neither the docket nor the transcript shows the name of any attorney as counsel for the prisoner; and there is no brief on file.

JOHN W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The appellant was indicted and convicted of the offense of *gaming.* The jury assessed against him a fine of fifty dollars. The indictment is in proper form, and no demurrer was interposed or objection to its sufficiency made in the City Court, and none has been suggested. No bill of exceptions was taken to any ruling of the City Court. We have carefully examined the record, and do not discover any error, except in the sentence passed by the court. The appellant not having, with sufficient sureties, confessed judgment for the fine and costs, he was sentenced to hard labor for the county for the space of thirty days on account of the

[Burch v. The State.]

fine. The fine not exceeding fifty dollars, the statute limits the term of hard labor, on account of it, to twenty days.— R. C. § 3760.

2. In 1 Bish. Cr. Pr. § 1201, it is said : " There is a difference of judicial opinion in this country, upon the question, whether, if the error is simply in the sentence, the court can, instead of reversing the judgment, either itself alter the sentence to correspond with the law, or remit the case to the lower court, with directions to have it altered there; or whether, on the other hand, the entire proceedings shall be reversed, and the prisoner set at liberty. In England, the latter course is pursued; and it is held, that the court above has no power, either to send back the record, to have it corrected, or itself to pronounce the proper sentence." In *Gibson v. State,* 39 Ala. 393, the record not affirming the personal presence of the prisoner in court when the sentence was pronounced, the judgment of conviction was reversed. In *Perry v. State,* 43 Ala. 21, and in *Crim et al. v. State,* Ib. 43, judgments of conviction were reversed, because the record did not disclose affirmatively that, before sentence was pronounced, the prisoner had been asked if he had any thing to say why the sentence of the law should not be pronounced against him. It had been previously declared this was not an error in the record—that unless the contrary was affirmatively shown, it would be presumed that the question was asked.—*Aaron & Ely v. State,* 39 Ala. 684; *Taylor v. State,* 42 Ala. 529. In neither of the cases cited, does it seem to have been considered, whether the defect in the sentence required a reversal of the judgment of conviction, itself free from error; nor the power of this court to alter the sentence, to correspond with the law. In each of the cases cited from 43 Alabama, error intervened in the rendition of the judgment, which, in the opinion of the court, compelled a reversal. In *Gray v. State,* at the present term, having considered these cases, we declined to reverse a regular judgment of conviction, because the record did not disclose that the court had pronounced the sentence of the law, and remanded the cause, with directions to the Circuit Court to proceed in proper form to pass sentence at its next term.

The statute regulating writs of error and appeals to this court, in criminal cases, dispenses with an assignment of errors, and joinder of error, and requires the court *to render such judgment on the record as the law demands.* If the judgment is reversed, a new trial may be ordered, or the defendant may be discharged, or he may be held in custody until discharged by due course of law, or the court *may make such other order as the case may require.*—R. C. §§ 4314–16. The

purpose of the statute is to authorize this court, so far as it can be done, without infringing on any right of the prisoner, to do what the court below ought to have done; if errors intervene on the trial below, prejudicial to the prisoner, to reverse the judgment, and remand the cause for a new trial—the end which the court below could have reached, by granting a new trial, if convinced it had fallen into such errors; if defects are discovered in the indictment, compelling a reversal, to order the prisoner to remain in custody, that a sufficient indictment may be preferred; finally, *to render such judgment on the record as the law demands.* The power and the duty of the court are commensurate. When the record, as in the case before us, discloses a regular judgment of conviction, and a sentence in proper form, erroneous only in the imposition of greater punishment than the law authorizes, and the punishment is fixed by law, not capable of enlargement or diminution at the discretion of the primary court, it would be an abandonment of the authority and duty to render the judgment on the record the law demands, if we did not correct the sentence, so as to conform it to the law.

The sentence pronounced by the City Court is changed, so that the appellant is condemned to hard labor for the county, on account of the fine, for *twenty* days, instead of *thirty* days; and being so changed, the judgment is in all respects affirmed. Costs will not be adjudged against the appellant in this court.