## TURNER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 15, 1895.)

No. 313.

1. CUTTING TIMBER FROM PUBLIC LANDS—EVIDENCE.

In a prosecution for cutting timber from public lands, a special agent of the land office testified that he visited the land after part of the timber had been cut. He was then asked who went with him on that occasion. *Held*, that there was no error in receiving his answer over defendant's objection to the competency of the question.

2. SAME—SENTENCE IN MISDEMEANORS.

In misdemeanors it is not necessary for the court to ask defendant if he has anything to say why sentence should not be pronounced against him. Turner v. U. S., 66 Fed. 289, followed.

In Error to the District Court of the United States for the Southern District of Alabama.

This was an indictment against Herbert C. Turner for cutting timber from the public lands of the United States. Defendant was convicted, and now seeks a review of the case by writ of error from this court.

M. D. Wickersham, W. H. McIntosh, and J. C. Rich, for plaintiff in error.

J. N. Miller, U. S. Atty.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. The plaintiff in error, Herbert C. Turner, was tried and convicted in the court below for cutting timber on the public lands in violation of section 2461, Rev. St. U. S., and was sentenced to pay a fine of $225 and the costs of prosecution, and be imprisoned for a period of 20 days in the Mobile county jail, and stand committed until the payment of said fine. He says to this court that the court below erred in overruling his motion to rule out the answer of Charles T. Forbes (a witness examined by the United States) to the following question, to wit: "Who went there [that is, to the land described in the information] with you?" Answer: "N. E. Turner." The reason assigned for ruling out the question and answer was that the same were not competent. Exactly what was meant by the objection we are not advised. The witness Forbes had testified that he was a special agent of the general land office, and that he visited the land in question after about two-thirds of the timber, or from four to five hundred trees, had been cut and removed from said land. He was then asked who went with him. The assignment of error seems to be without any particular merit.

The bill of exceptions further shows that one Allison Holland, a witness for the United States, who testified that he knew section 19, which embraced the land described in the indictment; that he did not know where the defendant's homestead entry was; that the timber on that section was worth about 25 cents per tree; and that he went into the store belonging to defendant's brother some time in June, 1893, where defendant was employed as a clerk, some eight or nine miles from the land, and there heard the defendant say that they could have their own way now about cutting timber, as Wickersham and Mayfield were out now, and defendant remarked, "We will cut it as we come to it." The said Holland was then asked by the defendant the following question: "What articles of provision did you buy from the defendant at the time of this conversation?" The United States attorney objected to the question, and his objection was sustained by the court. The relevancy of this question does not appear even by suggestion.

The third assignment of error is that the court erred in refusing to permit the defendant below to offer in evidence the record of indictment and conviction of Noel E. Turner and Martin Lankford, who had at the November term of this same court been tried, convicted, and sentenced for cutting and removing for their benefit the identical timber charged in the indictment against the defendant, and for which he is now on trial. The counsel for the United States in this court says that the record of the trial and conviction of Noel E. Turner and Martin Lankford for trespass in cutting timber from the land named in this indictment, along with other lands, has no bearing on the guilt or innocence of the defendant, and to this we agree.

The plaintiff in error also complains that he was not asked by the court, at the time of sentence and prior thereto, if he had anything to say why the sentence of the court should not be pronounced against him. A similar objection was disposed of adversely in Turner v. U. S. (No. 312; just decided) infra. The judgment of the district court is affirmed.