## TURNER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 15, 1895.)

No. 312.

1. CRIMINAL LAW—EVIDENCE—UNOFFICIAL MAP.
   The admission of an unofficial map in connection with the testimony of a witness who made it is not error. Turner v. U. S., 66 Fed. 280, followed.

2. SAME—REVIEW—DEFECTIVE RECORD—PREJUDICIAL ERROR.
   The exclusion of a question is not to be *held* prejudicial error when the record fails to show what was proposed to be proved by the answer. Turner v. U. S., 66 Fed. 280, followed.

3. SAME—SENTENCE.
   In misdemeanors it is not necessary for the court to ask defendant if he has anything to say why sentence should not be pronounced against him.

In Error to the District Court of the United States for the Southern District of Alabama.

This was an indictment against Noel E. Turner for cutting timber from the public lands of the United States. Defendant was convicted in the court below, and now brings error to this court.

M. D. Wickersham, W. H. McIntosh, and J. C. Rich, for plaintiff in error.

J. N. Miller, U. S. Atty.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. The plaintiff in error was tried and convicted in the court below for cutting timber on public lands in violation of section 2461, Rev. St. U. S., and was sentenced to pay a fine of $150 and the costs of prosecution, and be imprisoned for the period of three months in the Mobile county jail, and stand committed until the payment of said fine and costs; said imprisonment to commence on the expiration of the former sentences pronounced on said defendant in cases 1,140, and 1,142, respectively, of the docket of the court.

The first assignment of error is that the court erroneously permitted a map made by one Dan Williams, surveyor of Mobile county, to be given in evidence, because it had not been previously shown that said map had been made by competent authority, nor had it been previously shown that said map was correct. The map in question appears to have been a map made by Dan Williams himself, and to have been permitted to go to the jury in connection with his

v.66 F.no.3—19

evidence. As just decided in Turner v. U. S. (No. 253) 66 Fed. 280, this was not error.

The second assignment of error is that the court erred in permitting one Huggins to answer, after objection by the defendant below, the following question, to wit: "Did you, Mr. Huggins, go to Gardner, or did Gardner go to you, and propose to go to the defendant Turner?" The bill of exceptions shows that this question was asked of the witness Huggins by the defendant, plaintiff in error here; it further shows that the United States objected to the question, the objection was sustained by the court, and the defendant below excepted. Assuming that this ruling is the one suggested as error, all that need be said is that the record fails to show what was proposed to be proved by the answer.

The third assignment of error is that the court erred in refusing to permit one Frank Wilkins to answer the following question: "Who did you first tell about this conversation, when was it, when did you tell it, and how long after said conversation occurred?" The bill of exceptions in no wise sustains this assignment of error.

The fourth assignment of error seems also to be without any predicate in the bill of exceptions.

The fifth assignment of error, relating to the examination of one Hutchinson, seems also to be a mistake; but, assuming that it means the reverse of what it says, the assignment is still worthless, because no showing is made as to whether the question propounded and the answer expected were material.

The general charge requested by the defendant below was properly refused, because the evidence was conflicting.

The seventh assignment of error is that the court erred in not asking the defendant Turner if he had anything to say why the sentence of the court should not be pronounced against him when said sentence was pronounced. Whatever may be the rule in capital cases and other felonies, we are clear that no such question is necessary in misdemeanors. See Bish. Cr. Proc. § 1118, note; 1 Archb. Cr. Law & Prac. (Pomeroy's Notes) p. 580. The judgment of the district court is affirmed.