CRANFORD v. STATE. (8 Div. 522.)

(Court of Appeals of Alabama.    April 17, 1917.)

1. CRIMINAL LAW ⬗989—SENTENCE—FORMALITIES.

Upon conviction of the misdemeanor of committing assault and battery, the defendant need not be asked "why the sentence of the law should not now be imposed upon him."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2512, 2513.]

2. CRIMINAL LAW ⬗448(3)—OPINION—PAIN.

In prosecution for assault with intent to murder, it was not error to permit the injured party to testify that he suffered great pain from his wound.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1036, 1037.]

3. CRIMINAL LAW ⬗404(4)—DEMONSTRATIVE EVIDENCE—ADMISSIBILITY.

In such prosecution clothing worn by the injured party at the time of the difficulty is admissible in evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 873, 891, 893, 1457.]

4. WITNESSES ⬗372(2)—CREDIBILITY—CROSS-EXAMINATION—DEBTOR OF PROSECUTOR.

The state on cross-examination could show that a witness was indebted to the assaulted party.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1193–1196.]

5. HOMICIDE ⬗167(8)—ASSAULT WITH INTENT TO MURDER—EVIDENCE—ADMISSIBILITY.

The state could show that defendant prepared for the difficulty by securing a pistol before going to the place of its occurrence.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 339, 340.]

6. HOMICIDE ⬗163(1)—EVIDENCE—ADMISSIBILITY—CHARACTER OF ACCUSED.

Defendant having put his character in issue, testimony that his character was bad is admissible.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 310, 311.]

7. CRIMINAL LAW ⬗696(3)—RECEPTION OF EVIDENCE—GROUNDS FOR EXCLUSION.

Defendant having put his character in issue, and a witness having qualified on direct to state defendant's bad character, his statement on cross-examination that "they accuse him of selling and drinking whisky" did not render his testimony subject to a motion to exclude.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Will Cranford was indicted and tried for an assault with intent to murder, was convicted of assault and battery, and fined $500, and from the judgment of conviction, he appeals. Affirmed.

John A. Lusk & Son, of Guntersville, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

SAMFORD, J.    [1] The judgment entry fails to show that the defendant was asked "why the sentence of the law should not now be imposed upon him." We have in mind the line of decisions in this state, beginning with Perry's Case, 43 Ala. 21, and also the rule as laid down by the various text-writers, some of whom hold that the rule applies to misdemeanors; but the rule has been confined in Alabama to sentence imposed on a conviction for felony, and we are not willing to extend it beyond this. No technical rule should be continued or applied where it would tend to impede the execution of the judgments of courts and the enforcement of the criminal law, unless a failure to do so would result in depriving a defendant of some substantial legal right. Upon a conviction for a misdemeanor in the courts of this state, the defendant can have every legal right to which he is entitled without asking him the question insisted upon, and its asking is therefore useless. The law does not require the doing of a useless thing. Therefore we hold that in misdemeanor cases it is not necessary for the court to ask, or that the judgment shall show that the defendant was

asked, "if he had anything to say why the sentence should not be imposed."

[2] There was no error in permitting the state to prove by the party injured that he suffered great pain from the wound. In the case of Phillips v. State, 170 Ala. 8, 54 South. 111, it was said:

"The condition of the assaulted party, resulting from the assault, was but a method of showing the nature and extent of the assault and the injury therefrom, and these things were of the res gestæ of the offense."

The evidence was admissible. Jacobs' Case, 146 Ala. 103, 42 South. 70; Brown's Case, 146 Ala. 287, 38 South. 268.

[3] The admission in evidence of the clothing worn by the injured party at the time of the difficulty was proper. Crumpton's Case, 167 Ala. 4, 52 South. 605; Barnett v. State, 165 Ala. 59, 51 South. 299.

[4] The state, on cross-examination, over the objection of defendant, proved that the witness being examined was indebted to the party assaulted. This was permissible on cross-examination. Hosey v. State, 5 Ala. App. 1, 59 South. 549; Johnson v. State, 15 Ala. App. 75, 72 South. 561.

[5] It was not error to permit the state to show that the defendant prepared for the difficulty by securing a pistol before going to where the difficulty took place. Glass v. State, 147 Ala. 50, 41 South. 727.

[6, 7] There is no merit in the motion of the defendant to exclude the testimony of Silas En'dy, who testified that the defendant's character was bad, the character of the defendant having already been put in issue; and the fact that the witness did, on cross-examination, say that "they accuse him of selling and drinking whisky and such as that, generally speaking, that is all," would not render the testimony subject to a motion to exclude, he having qualified as to his knowledge on direct examination. Smith v. State, 8 Ala. App. 187, 62 South. 575.

With commendable frankness the appellant's counsel confesses that the court did not err in the refusal to give the charges set out in the record, and in this we agree.

There is no error in the record, and the judgment is affirmed.

Affirmed.