(86 South. 173)

FRAZIER v. STATE.    (2 Div. 208.)

(Court of Appeals of Alabama.   June 8, 1920.)

1. INTOXICATING LIQUORS ☞209 — INDICTMENT FOR MANUFACTURING HELD SUFFICIENT.

An indictment, charging that defendant did, after the 25th day of January, 1919, distill, make, or manufacture alcoholic or spirituous liquors contrary to law is sufficient, under the Bone Dry Law, § 15.

2. CRIMINAL LAW ☞1208(9)—IMPOSITION OF INDETERMINATE SENTENCE PROPER.

In a prosecution for violating the Prohibition Law (Act January 25, 1919) the imposition of an indeterminate sentence, not less than the minimum or greater than the maximum provided therein, was proper, under the Indeterminate Sentence Law, §§ 1, 2.

3. CRIMINAL LAW ☞989 — ERROR TO SENTENCE FOR FELONY BEFORE GIVING DEFENDANT OPPORTUNITY TO STATE WHY. SENTENCE SHOULD NOT BE IMPOSED.

In a felony case it is error to sentence without giving the defendant an opportunity to state any reason why sentence should not be imposed.

4. CRIMINAL LAW ☞1188—FAILURE TO GIVE DEFENDANT OPPORTUNITY FOR STATEMENT BEFORE SENTENCE DOES NOT WARRANT REVERSAL.

Error in sentencing defendant for felony without giving him an opportunity to state why sentence should not be pronounced against him does not warrant reversal of the conviction, but merely of the sentence, and the cause will be remanded for proper sentence.

5. CRIMINAL LAW ☞696(5)—WITHOUT TIMELY OBJECTION, MOTION TO EXCLUDE TESTIMONY WILL NOT BE GRANTED.

In the absence of timely objection to a question calling for improper testimony, motion to exclude such testimony cannot be made.

6. INTOXICATING LIQUORS ☞233(2) — EVIDENCE AS TO FINDING OF STILL HELD ADMISSIBLE.

In a prosecution for violating the Prohibition Law, testimony that the witness, with other officers, found the still the night before the arrest, at which time no persons were present, was admissible to show how the still was found; it appearing that thereafter defendant, in company with others, was arrested near the still.

7. INTOXICATING LIQUORS ☞238(2)—WHETHER DEFENDANT WAS ENGAGED IN ILLEGAL DISTILLING HELD FOR THE JURY.

In a prosecution for violating the prohibition law, the question whether defendant, who was caught running away from the vicinity of a still, was engaged in illegal distilling and man-

---

ufacturing whisky *held*, under the evidence, for the jury.

**8. CRIMINAL LAW ⊜⇒789(9)—INSTRUCTION AS TO REASONABLE DOUBT HELD CORRECT.**

A charge that, if after considering all the evidence the jury had an abiding conviction of the truth of the charge, then they were convinced beyond reasonable doubt, was correct.

**9. CRIMINAL LAW ⊜⇒789(18) — CHARGE ON REASONABLE DOUBT PROPERLY REFUSED.**

A requested charge that, if the jury are in doubt of any material element of the offense, the offense having been sufficiently proven, they should acquit, was erroneous and properly refused.

**10. INTOXICATING LIQUORS ⊜⇒238(1) — AFFIRMATIVE CHARGE HELD PROPERLY REFUSED.**

In a prosecution for violating the Prohibition Law, an affirmative charge *held* properly refused; there being evidence for the jury.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

John Frazier was convicted of manufacturing prohibited liquors, and he appeals. Affirmed in part, and in part reversed and remanded.

The following are the charges refused to the defendant:

"(1) If you are in doubt of any material element of the offense, the offense having been sufficiently proven, you must acquit the defendant."

(C) Affirmative charge to find the defendant not guilty.

J. T. Fuller, of Centerville, and Pinckney Scott, of Bessemer, for appellant.

The judgment was void, first, because the sentence was not definite; and, second, it was not based on the verdict of the jury. 69 Ala. 320; 120 Ala. 293, 25 South. 6; 123 Ala. 48, 26 South. 512; 151 Ala. 10, 44 South. 46. The state had clearly elected to try for one offense, and therefore the sheriff's evidence was not admissible. 96 Ala. 60, 11 South. 435; 148 Ala. 628, 42 South. 813; 152 Ala. 89, 44 South. 537. Counsel discuss other assignments, but without further citation of authority.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The sentence was erroneous, and should be reversed for proper sentence. Section 7620, Code 1907. The provisions of Acts 1919, p. 148, are without application to this class of cases. Ante, p. 175, 83 South. 359. There was no error in admitting the sheriff's testimony. 11 Ala. App. 299, 66 South. 896; 8 Ala. App. 391, 62 South. 342. The charge given for the state was correct. 82 Ala.

38, 2 South. 451; 8 Ala. App. 164, 62 South. 1027. There is no merit in the other assignments of error.

BRICKEN, P. J. [1] Omitting the formal parts of the indictment, the offense charged therein was that "John Frazier did, after the 25th day of January, 1919, distill, make, or manufacture alcoholic or spirituous liquors or beverages contrary to law." This indictment was drawn under section 15 of the act known as the "Bone Dry Law," approved January 25, 1919 (Acts 1919, pp. 6, 16). The indictment as drawn is a strict compliance with the provisions of this act. Miller v. State, 16 Ala. App. 534, 79 South. 314; Burrell Howard v. State, ante, p. 464, 86 South. 172.

[2-4] The defendant was convicted as charged, and given an indeterminate sentence of imprisonment in the penitentiary within the terms of the punishment prescribed in the statute, the term of imprisonment imposed being not less than the minimum and not greater than the maximum punishment provided for in said statute. The insistence that the court erred in thus sentencing the prisoner is without merit. Acts 1919, pp. 6, 16; Acts 1919, p. 148, §§ 1, 2; Ex parte Rogers, 82 South. 785;[1] Rogers v. State, 83 South. 359.[2] However, the judgment of the court does not recite that the defendant was asked by the court whether he had anything to say why the sentence of the law should not be pronounced against him. The conviction of this defendant, under the statute, was for a felony, and the failure to propound this question when passing sentence in cases of felony is erroneous. Bryant v. State, 13 Ala. App. 206, 211, 68 South. 704; Cranford v. State, 16 Ala. App. 68, 75 South. 274. This error, however, relates to the sentence only, and not to the judgment of conviction, and in cases of this character, if no other error appears, the sentence only will be reversed, and the cause remanded to the lower court for proper sentence. Ex parte Robinson, 183 Ala. 30, 63 South. 177.

[5] There was no error in the refusal of the court to exclude the testimony as to what Clifford Frazier did, as testified to by witness Smith; this testimony was relevant as being a part of the res gestæ. Moreover, no objection was interposed to the question, and in the absence of timely objection to a question calling for improper testimony, a motion to exclude such testimony cannot be made.

[6] There was no error in the ruling of the court in permitting the witness Huey Wood to testify that he, with other officers, had found the still in question the night before, and that at that time no person or persons were about the still, as there was nothing in this testimony, without more, to affect the

defendant or to prejudice his case. The testimony was competent to go to the jury in explanation as to how and when the still was located or found. The fact that the still, one of large capacity, was there, as testified to by state's witnesses, was not in dispute, nor was the presence of the defendant at or around the still on the night and morning of the arrest of the defendant and others in question. The evidence, without dispute, showed that he was there, and that at the appearance of the officers he, with all the others, ran and tried to get away; that this particular defendant was caught near the still while so running by Deputy Sheriff Griffin, and was then and there arrested by him, and at that time he (defendant) was clothed in overalls, which were soiled and dirty, and that defendant's shoes had beer on them, and that defendant, after his arrest, sent a boy up on the hill to get defendant's pants, and that the boy brought them to defendant, etc. Other evidence, without dispute, amply and fully showed the corpus delicti, as large quantities of whisky and many full sized barrels of mash and beer were discovered at and around the still.

[7] The only controverted question on the trial of this case was whether the defendant participated in the distilling, making, or manufacturing of the illicit liquors made, and being made, on the occasion in question. There was direct and positive testimony to the effect that defendant was so engaged, and other evidence from which this inference could easily be drawn, while, on the other hand, the witnesses for defendant testified that the defendant, though present at the time, had nothing whatever to do with the distilling, making, or manufacturing of the whisky. This, therefore, was clearly a question for the jury to determine. We have carefully examined each ruling of the court upon the evidence, and are of the opinion that the court committed no error of a prejudicial nature in any of these rulings.

[8] The following written charge was given at the request of the state:

"The court charges the jury that if, after considering all the evidence in this case, you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt, and it would be your duty to convict the defendant."

There was no error in giving this charge. McKee v. State, 82 Ala. 38, 2 South. 451; Davis v. State, 8 Ala. App. 164, 62 South. 1027; Coleman v. State, 59 Ala. 52; Owens v. State, 52 Ala. 400; Prater v. State, 107 Ala. 27, 18 South. 238. In Prater v. State, supra, the Supreme Court, in passing upon two charges, practically identical with the charge above quoted, said:

"The instructions given at the instance of the state are so manifestly correct as not to require discussion."

[9, 10] Charges 1 and C, requested by the defendant, were properly refused.

It follows that the judgment of conviction appealed from is affirmed, except as to the part of the judgment imposing sentence. As to such part, the judgment is reversed, and the cause remanded that the defendant may be sentenced in conformity to the requirements of law.

Affirmed in part, reversed in part, and remanded.