(101 So. 81)

### COLEMAN v. STATE.   (2 Div. 294.)

(Court of Appeals of Alabama.   June 30, 1924.)

**1. Criminal law ⬅️1092(7)—Bill of exceptions stricken where not presented to trial court in 90 days.**

Bill of exceptions will be stricken where it was not presented to judge of trial court within 90 days from judgment, notwithstanding recital in certificate of filing by trial judge that it was filed "as of a certain date" before expiration of 90 days, coupled with request that same be considered as filed within time.

**2. Criminal law ⬅️989—On conviction of felony, allocution should not be omitted.**

Where charge and verdict of guilty is based upon indictment charging felony, it is error not to ask prisoner before sentence why judgment awarded by law should not be pronounced upon him.

**3. Criminal law ⬅️995(2)—Void sentence not looked to to supply defect in judgment.**

Defect in judgment in that it contained no formal adjudication of guilt could not be supplied by looking to sentence void because prisoner was not asked before sentence why judgment awarded by law should not be pronounced upon him.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Dorman Coleman was convicted of grand larceny, and appeals. Reversed and remanded.

Arthur W. Stewart, of Marion, for appellant.

In view of the decision, brief of counsel is not necessary to be here set out.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The bill of exceptions was presented too late and must be stricken. Pippin v. Perry, 206 Ala. 582, 91 South. 307; Perdue v. State, 18 Ala. App. 395, 92 South. 510; Ramsey v. State, 18 Ala. App. 373, 92 South. 94. There is doubt as to the sufficiency of the adjudication of guilt. But see White v. State, 18 Ala. App. 50, 88 South. 451; Snyder v. State, 18 Ala. App. 188, 90 South. 40.

SAMFORD, J. [1] The trial was had on September 18, 1923, and the bill of exceptions was presented to the judge of the trial court on January 4, 1924. This was more than 90 days from the date of judgment, and therefore the bill of exceptions will be stricken. Ramsey v. State, 18 Ala. App. 373, 92 South. 94; Perdue v. State, 18 Ala. App. 395, 92 South. 510. The recital in the certificate of filing by the trial judge that the bill of exceptions was filed "as of December 10, 1923," coupled with his request that the same be considered as filed within time, cannot avail the defendant. The plain provision of the statute (Code, § 3019) is:

"Bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered, and not afterwards."

The bill of exceptions is stricken and this eliminates a consideration of the refused charges.

[2] In the judgment entry, after a recital of the verdict of the jury, we find the following:

"And now upon this the 21st day of September, 1923, the defendant, Dorman Coleman, being in open court, it is ordered and adjudged by the court that as a punishment for this offense the said defendant, Dorman Coleman, shall perform hard labor for Perry county," etc.

The charge and verdict was based upon an indictment charging a felony. In such case it is error for the prisoner not to be asked before sentence is pronounced why the judgment awarded by law should not be pronounced upon him. Perry v. State, 43 Ala. 21;

Cranford v. State, 16 Ala. App. 68, 75 South. 274; Frazier v. State, 17 Ala. App. 486, 86 South. 173. It will also be noted that in the judgment entry there is no formal adjudication of guilt. It also appears that the judgment is indefinite as to the term of hard labor to be performed, and for this reason is erroneous. Brooks v. State, 16 Ala. App. 664, 81 South. 184.

[3] It being the law that, in a felony case, there can be no valid sentence passed upon the defendant without his being asked the preliminary question "if he has anything to say why the sentence of the law shall not be pronounced upon him," and it appearing that there is in the judgment entry no formal adjudication of guilt, a void sentence will not be looked to to supply a defect in the judgment.

For the foregoing errors the judgment is reversed, and the cause is remanded.

Reversed and remanded.