166 So. 58

## COLE v. STATE.
### 6 Div. 850.

Court of Appeals of Alabama.
Feb. 4, 1936.

Rehearing Denied Feb. 25, 1936.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The appellant was jointly indicted with three other men, not on trial, charged with the offense of assault with intent to murder Isom Chappell. The indictment was in proper form and substance, and was duly authenticated as the law requires. A severance was granted to this appellant. The trial in the lower court resulted in his conviction for the offense of assault and battery, and the jury fixed his fine at $500. Failing to pay the fine and costs, or to confess judgment therefor, the court sentenced him to hard labor for the county for 140 days to pay the fine, and to 149 days to pay the costs, and also added six months' hard labor for the county as additional punishment.

From the judgment of conviction, in accordance with the foregoing, this appeal was taken.

Appellant, in his motion for a new trial, bases several grounds thereof on the insistence that the judgment is defective, and the sentence imposed illegal, for the reason the trial court failed to ask the defendant, at the time of his sentence, if he had anything to say why the sentence of the law should not be passed upon him. Also, the trial judge failed to give the defendant an opportunity of speaking in his behalf at the time sentence was passed upon him. There is no merit in these insistences, as the offense of which this appellant was convicted upon the trial of this case was a misdemeanor (assault and battery), and upon conviction of a misdemeanor the defendant need not be asked "why the sentence of the law should not now be imposed upon him." Cranford v. State, 16 Ala.App. 68, 75 So. 274; Estes v. State, 18 Ala.App. 606, 93 So. 217, 218. In Estes' Case this court said: "It is not necessary, in cases of misdemeanor, for the court to ask the defendant, before sentence, 'if he has anything to say why sentence of the law should not now be pronounced.'"

However, in felony cases, upon conviction, it is error, as to sentence, for the court to fail or refuse to propound such questions. Frazier v. State, 17 Ala.App. 486, 86 So. 173; Coleman v. State, 20 Ala.App. 120, 101 So. 81; Shepard v. State, 20 Ala.App. 627, 104 So. 674; Mc-

Mahan v. State, 21 Ala.App. 522, 109 So. 553.

The judgment entry discloses that upon arraignment of the defendant on the indictment, "for plea thereto the defendant says he is not guilty."

No mention is made in the judgment entry as to any special plea or other objection to the indictment. There is, however, incorporated in the record, as a part thereof, a purported, "Plea of defendant," which reads as follows:

"Plea of Defendant.

"Now comes the defendant in the above styled cause and moves the Court to dismiss and nolle prosequi this cause and release the defendant, and for grounds to support said motion sets down and says the following:

"1. He was summoned before the Grand Jury and required to give testimony against himself without waiving his constitutional right in testifying or without warning that his testimony would be held or used against him.

"2. He was summoned before the Grand Jury by the State and required to give testimony concerning his case then pending from which and at which time the Grand Jury returned the indictment for which the defendant is now on trial.

"Gordon Davis,

"Attorney for Defendant.

"Filed April 5, 1935.

"R. L. Mosley, Clerk."

So far as the record shows, no action was taken, by demurrer, or otherwise, to said plea, or that it was brought to the attention of the court.

However, in the bill of exceptions it appears that counsel for defendant objected to being put to trial, stating: "The motion is that we object to being put to trial in this matter; the grounds for our objection are that the defendant was summoned into the grand jury room and gave testimony in the grand jury room, which was self incriminating."

"By the Court: Add there 'That he was summoned as a witness upon the investigation by the grand jury of this particular case.'

"By Mr. Davis: I don't know whether that is true or not, but that he gave testimony concerning this particular case, I might say that, in the grand jury room, and that he did not waive his constitutional rights.

"By the Court: Whatever you have to offer, let me have it."

A full hearing was had on this question, the evidence in this connection was in conflict, but there was ample evidence to support the court's ruling in overruling the motion and in denying the plea to dismiss the prosecution or to nol pros the case. The evidence of several witnesses tended to show that the defendant (appellant here) was subpœnaed to appear before the grand jury at that term of court to give testimony in another and different case pending before the grand jury, and that after the completion of his examination in that presentment, asked permission of the grand jury to be permitted to tell his version of the difficulty in which he was involved, etc. Under the facts in connection with this point of decision, no immunity inured to defendant under the provision of the statute relied upon. The case of Burt v. State, 20 Ala.App. 296, 101 So. 768, certiorari denied 212 Ala. 96, 101 So. 770, is conclusive on this point. Further discussion of the question is unnecessary and will not be indulged.

The undisputed evidence in this case tends to show that on the occasion in question Isom Chappell, the alleged injured party, was severely assaulted by having been struck upon his head with a pistol by one Vick Hudson, one of the parties charged in the indictment. That as a result of these blows his head was caused to bleed copiously. Also, that Chappell was otherwise assaulted, and later, during the continuous transaction, he was shot at several times by said Hudson, while he, Chappell, was running away from him, etc.

The assault complained of having been committed without dispute, the controlling question in this case is as to this appellant's conviction and participation in the commission of the offense. The theory of the state was a conspiracy existed, with said Hudson as the principal actor, and that this appellant was an accessory or an accomplice in the commission of the unlawful act. On this question the evidence was in sharp conflict, and points of decision here involved center around the rulings of the court upon the admission of evidence in this connection. In addition to the foregoing, there was some evidence which tended to show that this appellant also "grabbed hold" of Chappell and kicked him and shook him, stating "I ought to whip you myself," and handed Hudson a pistol and

stated to Hudson, "If you are going to kill the damn son of a bitch, just kill him." Also stated, "We ought to kill the son of a bitch right here."

The law is, that all persons who are criminally concerned in the commission of a misdemeanor are principals, and indictable as such. From the evidence before the court as to the participation in the offense complained of by this appellant, the court properly ruled upon the admission of evidence, and the exceptions reserved are without merit. The evidence as to the guilty conduct of this appellant and his participation in the commission of the offense was in conflict, but was ample to sustain the court in its rulings.

[4] The evidence on this point being in conflict, the court properly refused charges one and two requested by defendant. These charges were affirmative in favor of defendant. They were inapt, as under the conflicting testimony the court was without authority to direct the verdict.

We find no reversible error on the trial of this case in the court below. The record is regular in all things; therefore the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.