1 So.2d 665

## BOWLES v. STATE.

### 8 Div. 104.

Supreme Court of Alabama.
March 20, 1941.

Rehearing Denied April 17, 1941.

H. H. Hamilton, of Russellville, for petitioner.

Thos. S. Lawson, Atty. Gen., opposed.

THOMAS, Justice.

Writ denied.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.

On Rehearing.

THOMAS, Justice.

The action challenged by the certiorari to the Court of Appeals is the sufficiency of the judgment from which appeal was taken.

The judgment entry recites the appearance in court of the defendant in his own proper person and by attorney, and being "duly and legally arraigned in open court upon said charge for his plea thereto pleads and says that he is not guilty in manner and form as charged in the affidavit." The issue being joined upon the defendant's plea of not guilty, a jury found the defendant "guilty" and his fine was assessed at $200. It was thereupon considered and adjudged by the court that the defendant "is guilty of violating Prohibition Law as charged in affidavit, and that the State of Alabama for the use of Franklin County have and recover of the Defendant a fine in the sum of $200.00, together with all costs incurred in this prosecution."

■ The judgment shows compliance with Driggers v. State, 123 Ala. 46, 26 So. 512, 513, in that "enough is expressed to show that the judgment of the court was invoked and pronounced upon the guilt of the defendant."

The judgment does not show that the defendant was called upon to state why judgment should not be pronounced against him.

In the respect now considered between the requirements of a sentence for a felony and that for a misdemeanor, the rules that apply come to us from the common law and have been maintained by the decisions of this court. The early cases for felonies are considered in Aaron v. State, 39 Ala. 684 and Burch v. State, 55 Ala. 136.

In Perry v. State, 43 Ala. 21, 22, the rule of the common law as to felonies is thus stated: "Blackstone lays it down as a rule of procedure in capital felonies, that, when 'the jury have brought in their verdict in presence of the prisoner, he is either immediately, or at a convenient time soon after, asked by the court, if he has any thing to offer why judgment should not be awarded against him.'—4 Blackstone's Com. 375, marj.; 1 Chitt.Cr.Law, 699, 701. And in Bishop's Criminal Procedure, it is said, 'It is now indispensably necessary, even in clergyable felonies, that the defendant should be asked by the clerk, if he has anything to say why judgment "should" not be pronounced on him; and it is now material that this appear upon the record to have been done.' 'If he has nothing to urge in bar, he frequently addresses the court in mitigation of his conduct, and desires the intercession of the judges with king' (or the executive), or casts himself upon their mercy. After this, nothing more is done, but the proper judge pronounces the sentence.—2 Bish.Criminal Proc. p. 610, §§ 865, 866; * * *."

This is followed by Judge Stone in Spigner v. State, 58 Ala. 421, 424, when the trial was for burglary, to the effect: "There was a rule of the common law, that before sentence, on a conviction of felony, the prisoner must be interrogated by the court, whether he has any thing to say why the sentence of the law should not be pronounced upon him. 1 Bish.Cr.Proc. § 1118. And this court, in Crim. v. State, 43 Ala. 53, announced that doctrine. We have no desire to re-examine the question at this time. The main purpose of the inquiry and the rule is, that the prisoner, before sentence, may have afforded to him the opportunity to make any motion which will prevent judgment. The record informs us that after the coming in of the verdict, the defendant made two motions: one in arrest of judgment, and the other for a new trial, which were severally overruled by the court. These are the motions most usually made after verdict, and we think the recital that these motions were made, proves that the usual question must have been in substance propounded, and that, in fact, the prisoner had accorded to him substantially, all the rule was intended to secure. It would look like child's play to remand this cause, when the only effect could be to propound the question to the prisoner, receive his answer, that he had nothing further to offer, and then pronounce the sentence of the law on the verdict of guilty heretofore rendered by the jury, and which is free from error. Burch v. State, 55 Ala. 136."

See also Reynolds v. State, 68 Ala. 502; Crim. v. State, 43 Ala. 53; Mullen v. State,

45 Ala. 43, 6 Am.Rep. 691; Boynton v. State, 77 Ala. 29; Burch v. State, 55 Ala. 136; Bryant v. State, 13 Ala.App. 206, 68 So. 704; Id., 14 Ala.App. 28, 70 So. 961.

. The distinction between felonies and misdemeanors has been considered by the federal courts. In Turner v. United States, 5 Cir., 66 F. 289, 290, a timber case, Judge Pardee said: "The seventh assignment of error is that the court erred in not asking the defendant Turner if he had anything to say why the sentence of the court should not be pronounced against him when said sentence was pronounced. Whatever may be the rule in capital cases and other felonies, we are clear that no such question is necessary in misdemeanors. See Bish. Cr.Proc. § 1118, note; 1 Archb.Cr.Law. & Prac. (Pomeroy's Notes) p. 580. The judgment of the district court is affirmed."

In Schwab v. Berggren, 143 U.S. 442, 446, 12 S.Ct. 525, 36 L.Ed. 218, it is said:

"At common law it was deemed essential in capital cases that inquiry be made of the defendant before judgment was passed whether he had anything to say why sentence of death should not be pronounced upon him; thus giving him an opportunity to allege any ground of arrest, or to plead a pardon if he had obtained one, or to urge any legal objection to further proceedings against him. And if the record did not show that such privilege was accorded to him the judgment would be reversed.

"This rule, however, does not apply to an appellate court, which, upon review of the proceedings in the trial court, merely affirms a final judgment, without rendering a new one. Due process of law does not require his presence in the latter court at the time the judgment sentencing him to death is affirmed."

And Justice Harlan, delivering the opinion of the court said: "At common law, it was deemed essential in capital cases that inquiry be made of the defendant, before judgment was passed, whether he had anything to say why the sentence of death should not be pronounced upon him; thus giving him an opportunity to allege any ground of arrest, or to plead a pardon, if he had obtained one, or to urge any other legal objection to further proceedings against him. This privilege was deemed of such substantial value to the accused that the judgment would be reversed if the record did not show that it was accorded

to him. Ball v. United States, 140 U.S. 118, 129, 11 S.Ct. 761 [35 L.Ed. 377]; 1 Chit.Crim.Law, 699, 700; Rex v. Geary, 2 Salk. 630; King v. Speke, 3 Salk. 358; Anon., 3 Mod. 265; 1 Archb.Crim.Prac. & Pl. (Pom.Ed.) 577, 578. * * *"

The distinction between the requirements of judgment in felony and misdemeanor cases is made the subject of extended notes in 113 A.L.R. pp. 834 through 840. Of the decisions in misdemeanor cases, it is noted:

"The law is well settled that in misdemeanor cases there is no need, in the absence of statute, of asking a defendant before sentence whether he has any legal cause to show why judgment should not be pronounced against him. United States. —Turner v. United States (1895) C.C.A. 5th, 66 F. 287, (two cases; timber cutting on government lands). Alabama.—Cranford v. State (1917) 16 Ala.App. 68, 75 So. 274 (assault and battery); Estes v. State (1922) 18 Ala.App. 606, 93 So. 217 (second-degree manslaughter); Cole v. State (1936) 27 Ala.App. 90, 166 So. 58 (assault and battery). Georgia.—Hancock v. Rogers (1913) 140 Ga. 688, 79 S.E. 558. Kansas.—State v. Lund (1893) 51 Kan. 1, 32 P. 657 (unlawful sale of intoxicating liquors).

"Thus, in Cranford v. State (1917) 16 Ala.App. 68, 75 So. 274, where the defendant was convicted of the misdemeanor of committing assault and battery, and the judgment entry failed to show that he was asked why sentence of the law should not then be imposed upon him, the court said. 'The rule has been confined in Alabama to sentence imposed on a conviction for felony, and we are not willing to extend it beyond this. No technical rule should be continued or applied where it would tend to impede the execution of the judgments of courts and the enforcement of the criminal law, unless a failure to do so would result in depriving a defendant of some substantial legal right. Upon a conviction for a misdemeanor in the courts of this state, the defendant can have every legal right to which he is entitled without asking him the question insisted upon, and its asking is therefore useless. The law does not require the doing of a useless thing.' * * *".

Further, under the heading "Sufficiency of showing of inquiry; record," it is said:

"Many of the cases which hold that it is reversible error not to propound the question to the accused assert that it is essential in all capital felonies that it should appear of record that the defendant was asked before sentence if he had anything to say why it. should not be pronounced. Ball v. United States (1891) 140 U.S. 118, 11 S. Ct. 761, 35 L.Ed. 377 * * *."

And under the presumptions that obtain to the end that judgments will be sustained if permissible by the record, it is noted in 113 A.L.R. pp. 837, 838 and 840, that:

"Some courts, however, will not reverse a judgment against a defendant because the record does not affirmatively show that he was asked to state why judgment should not be pronounced against him, unless the record actually shows that it was not, the presumption being either that the inquiry was actually made, or at least that defendant was accorded every opportunity to interpose objections prior to the entry of the judgment. Alabama.—Aaron and Ely v. State (1866) 39 Ala. 684 (larceny of horses); Robin v. State (1866) 40 Ala. 72 (assault with intent to kill); Taylor v. State (1868) 42 Ala. 529 (larceny of horse); Spigner v. State (1877) 58 Ala. 421 (burglary). * * *

"And a statement in the record of a perjury prosecution, showing that the defendant was asked 'if he had anything to say why the judgment of the court should not now be pronounced upon him,' was held to show with sufficient certainty that the defendant was properly interrogated before the sentence was pronounced by the presiding judge, in Boynton v. State (1884) 77 Ala. 29. * * *."

In the instant case the plea was "not guilty" to the charge of misdemeanor, and issue being joined the defendant was convicted by the jury. The failure of the court to ask the defendant why the judgment of the court under the law should not be pronounced against him was not required to be propounded before his sentence was pronounced upon him in accordance with the verdict of the jury.

The application for rehearing is overruled.

Writ denied. Rehearing overruled.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.